## Thomas J. Olcott v. Albert S. Hanson.

*Payment: proof of, erroneously excluded : curing the error.* — Action on a promissory note. Defense, set off and payment. The defendant offered evidence of a payment of five dollars, which was excluded by the Court, on the ground that the item was not mentioned in the bill of particulars of set off. Plaintiff having recovered judgment, was allowed by the Court to remit five dollars of the amount, with a view to curing the error. It was held that the error was not cured. By rejecting this evidence, the Court in effect denied the defendant the right to prove any item of payment without notice; and the Court, therefore, can not say what other payments may have been excluded by this ruling.

*Amending verdict.* — A jury brought in a sealed verdict, "We find for the plaintiff the full amount claimed by him on the note." Under objection by defendant's counsel, the plaintiff's counsel was allowed to state to the jury what the amount was, and they then returned a verdict for that amount, in due form. Held, per MARTIN CH. J., that it was unobjectionable.[*]

*Heard May 13th. Decided July 15th.*

Error to Washtenaw Circuit, to which the cause had been appealed from a justice of the peace.

Hanson brought suit against Olcott, on a promissory note of $85, dated March 28th, 1859, on which several indorsements had been made. Olcott pleaded the general issue, with notice of various items of set off.

On the trial in the Circuit Court, June 17, 1863, the defendant offered evidence of a payment of five dollars, made on the note in November, 1860. The plaintiff objected, for the reason that the bill of particulars of set off

[*] See the case of *Sleight v. Wandlass*, supra.

contained no item of five dollars, for money paid in November, 1860. The Court sustained the objection, and ruled that it was not competent for defendant to prove any payments not mentioned and set forth in said bill of particulars.

After the cause was submitted to the jury, they returned a sealed verdict as follows: "We find for the plaintiff the full amount claimed by him on the note." The Circuit Judge asked the foreman what amount of damages they assessed; the foreman replied that the jury did not have the note, and did not remember the amount, but that it was the amount claimed by the plaintiff. The Court then instructed the jury that it was necessary that they should find some specified sum, and inquired of the counsel of the respective parties if they objected to a retirement of said jury to fix upon the amount; but the counsel for the defendant objected to any addition to or amendment of the sealed verdict in matter of substance. The counsel for the plaintiff then stated that the amount claimed was $32.90, and thereupon the foreman stated that was the amount the jury found. The Court then directed the jury to render their verdict, stating the amount at which they assessed the plaintiff's damages; to which direction the counsel for the defendant excepted. The jury then rendered a verdict in favor of said plaintiff against the defendant for the sum of thirty-two dollars and ninety cents.

An order was afterwards entered, giving defendant until the first day of August, 1863, to prepare and serve a bill of exceptions; and a bill was settled and signed prior to that day. August 4, 1863, all proceedings on the judgment were stayed, on defendant's motion, for twenty days, and on August 24th, the following order was entered: "In this cause, on motion of Norris & Ninde, attorneys for the plaintiff, after hearing Messrs. Beakes & Abel, attorneys in opposition thereto for the defendant, it is.

ordered that the plaintiff have leave to remit five dollars (proof of which item of five dollars was ruled out on the trial,) from the verdict and judgment heretofore taken and recorded in this case, so that execution will issue in this case, if at all, for the sum of twenty-seven dollars and ninety cents, with costs of suit."

Writ of error, to remove the cause to this Court, was sued out August 13th, served August 14th, and return thereto made August 17th.

*H. J. Beakes,* for plaintiff in error, to the point that remitting the five dollars did not cure the error of rejecting proof of the payment, cited:—2 *Str.* 1110; 2 *Wm. Bl.* 1300; 1 *Bulst.* 49; 4 *Conn.* 309; 1 *Marsh.* 475; 17 *Johns.* 111; 3 *Wend.* 356; 4 *Denio,* 311; *Sedg. on Dams.* 578; 1 *Chit. Pl.* 338-9. In this case the Court can not know that the ruling did not prevent defendant from proving other payments.

*Norris & Ninde,* contra, cited:—5 *Met.* 205, 212; 6 *S. & M.* 507; 7 *How.* (*Miss.*) 675; 4 *Yerg.* 565. Even in a court of error the plaintiff should have been allowed to remit:—1 *Cush.* 141; 5 *Halst.* 222.

MARTIN CH. J.:

That the Court erred in refusing to allow the defendant to prove the payment of five dollars upon the note in suit, because it was not included in his bill of particulars, is unquestionable. Payment can always be proved as a matter of direct defense. Except in this particular, the jury were in no way misled on the trial. But while the case was still within the control of the Circuit Court —for it had suspended all further proceedings therein until the 24th of August—and evidently during the same term, leave was granted, on the 24th of August, to the plaintiff to remit the amount of five dollars from the judgment. This cured the error, unless the indecent haste of suing

OLCOTT v. HANSON.

out the writ of error before the party was entitled to it, as I think — unless two courts can have jurisdiction of the judgment at the same time — and procuring a return to the writ within three days after its service, and while the cause was suspended in the Circuit Court, secured to the plaintiff in error some undue advantage. I think it did not.

There was no error in the manner of taking the verdict. The jury had agreed upon it, as the amount due on the note; but by some accident they had no data from which to compute that amount. When instructed by the Court that they must find a sum certain, and were informed in open Court of the sum, they rendered their verdict accordingly. They acted in good faith, and honestly; and there is no pretence of corruption or intermeddling. It is true that a jury who are permitted by the Court to disperse after having found and sealed a verdict, can not disperse before one is found; but no formal verdict is ever expected to be found. That is put into shape in open Court; and I see no objection to their coming into Court, as in this case, saying that they find for the plaintiff the full amount claimed upon the note, and upon receiving information from the Court, or of counsel in the presence and with the approbation of the Court, amending their verdict accordingly. The paltry amount in controversy of itself would incline me to let the verdict rest, unless I could see some important principle of the law had been violated.

I think the judgment should be affirmed.|

CAMPBELL J.:

I agree with my brethren that there was error in rejecting proof of a payment of five dollars, on the note sued upon. But I cannot perceive how a defendant in error, who has taken a judgment founded on such an erroneous ruling, can [defeat the jurisdiction of this Court by

OLCOTT v. HANSON.

indorsing down his judgment after error brought. Neither is it manifest that justice has been done by the reduction. In rejecting this item, the Court did it on the ground that no items of payment could be received without notice. A party after such a ruling is not obliged to offer proof of further items, and no presumption can be raised that he had no further proofs to offer.

The small amount in controversy may render it improper, in a moral point of view, for parties to protract litigation; but, until our jurisdiction is limited, I think we have no right to declare any controversy allowed by law as *infra dignitatem*. I think the judgment should be reversed.

CHRISTIANCY J. :

By rejecting the item of payment in question, on the ground that it was not contained in the defendant's bill of particulars of set off, the Court in effect denied the defendant the right to prove any item of payment without notice. We can not therefore say what other payments may have been excluded by this ruling. On this ground I concur with my brother Campbell that the judgment should be reversed.

MANNING J. did not hear the argument.

*Judgment reversed.*