## Thomas Wright v. Janette DeGroff.

*Dower.   Estoppel in pais and by deed.   Statute of Frauds.*   An administratrix sold
certain lands of her late husband at Probate sale, and executed a deed in the usual
form, with covenant of warranty against her own acts.   Prior to the sale she agreed
verbally with one who became the purchaser, that if a certain sum was bid for the
premises, she would waive her right of dower.   The premises were bid off in
accordance with such agreement.   *Held*, that such evidence had no tendency to
create an estoppel;  and that as there were no circumstances shown upon which a
court  of equity could decree specific performance, the Court would not enforce such
an agreement indirectly, by declaring it an estoppel.

   *Held*, further, that at the most it was but an agreement that the purchaser
should have conveyed to her a right which she knew the administratrix possessed,
and that such an agreement was void under the Statute of Frauds.

   *Held*, further, that the deed having been given in the representative character  of
administratrix, the covenant against her own acts referred to such representative
character, and would not preclude her from asserting her individual rights.

*Judgment, reversal of.     Exclusion of evidence, effect of.*   A judgment will not be
reversed for the exclusion of evidence unless that which was offered is admissible.
If an offer of evidence has been erroneously ruled against, the party aggrieved is
not bound to repeat his offer with other evidence of the same character  (*Olcott v.
Hanson*, 12 *Mich.* 452);  but when that actually offered is inadmissible, the Court
has no right to suppose that the party was  restrained by the ruling from offering
other evidence which was proper.

*Heard April 4th.*    *Decided April 10th.*

Error to Livingston Circuit.

This was an action for dower, brought by defendant in
error.

It appeared in evidence that plaintiff, as administratrix of
the estate of George B. DeGroff,—her late husband,—sold by
order of the Judge of Probate certain real estate of which he
died seized.   The deed of the administratrix contained the
following clause: "And I do hereby covenant with said . . . .
that I will warrant and defend said premises, &c., unto the
said, &c., and her heirs and assigns forever, against the lawful
claims and demands of all persons claiming by, from or under
me, but against no other persons."

On the trial, the defendant produced a witness who had
acted as agent of the purchaser at the Probate sale, and asked
him whether there was not an agreement between himself, as
said agent, and the plaintiff, previous to the sale, by means

of which she agreed to let her dower interest pass with the title sold and made at the administratrix' sale of said real estate.

Defendant also offered to show in evidence an agreement made, previous to the sale, by said administratrix and the purchaser, to the same effect, and also that plaintiff had admitted, subsequent to the sale, that she had parted with her dower by said agreement; which question and offers were ruled out as incompetent, illegal, and against public policy, and exceptions taken.

Judgment was rendered for plaintiff.

*S. F. Hubbell* and *Norris & Ninde*, for plaintiff in error.

1. The question whether certain evidence would estop the defendant in error from asserting her claim of dower, was for the jury.  4 *Dall.* 300 (margin).

2. A widow may, by *acts*, (not in writing,) put herself in such a position as that it would be a fraud upon the rights of others, for her to claim dower in real estate whereof her husband died seized.—4 *N. H.* 321; 3 *Yates,* 508; 1 *Randolph,* 344; 1 *Ind.* 563; 2 *Ham.* 506; 3 *Id.* 5; 5 *T. B. Mon.* 518; 4 *Paige,* 94; 6 *Johns. Ch.* 194; 1 *Story's Eq. Jur.* §§ 385–7.

A widow's dower is her *private and individual right,* and although she be administratrix of her late husband's estate, she may dispose of it as she sees fit.

3. The third assignment of error presents this question: What is the effect of her covenant of warranty on her administratrix' deed?  No such covenant is necessary or useful, except to bar her dower.  In this deed the *real estate* is granted and conveyed, not the naked *interest* of the estate of George B. DeGroff.  No reservation of, or allusion to, dower is made in this deed.

If she be estopped by her covenant, the charge of the judge, given in this third assignment, is error.

The point has been expressly so decided.  15 *Vt. p.* 649; 23 *Miss.* 585; 2 *Comp. L.* §§ 3070, 3045, 3059.

4. The testimony offered, (which must be assumed true in this Court), *coupled* with the covenant of warranty, make a strong case of estoppel, which the jury should have passed on.

*M. B. Willcox*, for defendant in error.

The testimony of Glenn was properly rejected.

Dower before assignment is a mere chose in action. The widow has no estate in the land, nor any interest which she can assign or convey to another. 1 *Washb. Real Prop.* 251–2; 1 *Barb.* 500; 14 *Mass.* 378; 4 *Paige Ch.* 448; 1 *S. & M. Ch.* 489. All she can do is to release it, but she can only release it to one in possession, or one to whom she stands in privity of estate. 1 *Washb. Real Prop.* 252.

The agreement, as sought to be proved, would be void by the Statute of Frauds, (*Comp. L.* § 3177,) and as against public policy.

An agreement to put up the land free from the claim of dower, would not pass the dower unless she actually *did* so at the sale. Simply selling as administratrix, nothing being said as to dower *at the time of the sale*, does not estop her from setting it up in this action. 1 *Washb. Real Prop.* 205; 2 *Harris*, 442; 2 *Comst.* 59. To have that effect, the land must be offered free from the claim of dower, and that fact publicly announced at the time of sale.

Evidence to show that the land sold for its full value, standing alone and independent of acts at the time of sale, affects nothing, because, whatever price may be paid, the statute prescribes what interest shall pass at such sales. 2 *Comp. L.* 919, § 32.

The purchaser takes, subject to all "charges thereon, by mortgage or otherwise." The term "otherwise" embraces dower. 2 *Comst.* 249.

Mrs. DeGroff's admission made after sale "that she had parted with her dower, in and by such sale, and that she could not assert any claim to such dower by reason of her agreement as aforesaid," is simply a conclusion of law—a *confessio*

*juris*—and inadmissible. 1 *Greenl. Ev.* § 96; 4 *Wend.* 298–9; 8 *Shep.* 138.

Dower does not come to the widow by contract, but by law; and whether she has done such acts as the law deems a release or relinquishment of her claim, is a question for the Court to decide, from the facts in the case, rather than the opinion of witnesses.

COOLEY J.

The right of defendant in error to dower is undisputed unless she has become barred on the principle of estoppel. The plaintiff in error claims that she has; *first,* by her acts *en pais;* and, *second,* by her covenant.

To establish the estoppel *en pais,* evidence was offered in the Court below to show an agreement made orally by Mrs. DeGroff previous to the sale by her as administratrix, that in case Mrs. Glenn would bid at the sale the sum of sixteen hundred dollars, and become the purchaser at that price, she, Mrs. De Groff, would never assert her right to dower in the land; that bid was made by Mrs. Glenn to the sum named, and that the land was struck off to her at that price, which was the full value of the land. The offer was also made to show statements and admissions of Mrs. De Groff, after the administrator's sale, that she had parted with her dower in the land by that sale. All this evidence was excluded by the Circuit Judge.

We are unable to see that any of this evidence would have had any tendency to make out an estoppel. A person who has induced another to act upon the supposition that a certain state of facts exists, may by such conduct preclude himself from disproving such facts; and we may readily suppose a case in which a woman may so act in reference to lands in which she has a right of dower as to make this principle applicable. If it had appeared that Mrs. De Groff had induced the purchaser to suppose that she had no dower in the land, and to buy it on that supposition, we should have

had a very different case presented from any that was offered to be shown. Here was at the most only an agreement that the purchaser should have conveyed to her a right which she knew Mrs. De Groff to possess. There was no deception as to the facts; and the purchaser can only claim that an agreement made with her has not been kept. The agreement was void under the Statute of Frauds, and we do not perceive any circumstances upon which, in a court of equity, a claim to specific performance might be based; for Mrs. De Groff was to derive no personal benefit from it, and, if carried into effect, it would have given Mrs. Glenn an unfair advantage over other bidders at the administrator's sale. If we are correct in this, it is difficult to suggest any principle that would warrant us in enforcing such an agreement indirectly by declaring an estoppel.

It is claimed by the plaintiff in error that the ruling of the Circuit Judge had the effect to exclude any evidence which he might have offered to establish an estoppel by acts *en pais*. We cannot reverse a judgment for the exclusion of evidence, unless that which was actually offered was admissible. If an offer of evidence has been erroneously ruled against, the party aggrieved is not bound to repeat his offer with other evidence of the same character. — *Olcott v. Hanson*, 12 *Mich*. 452. But when that actually offered is inadmissible, as in the case before us, we have no right to suppose that the party was restrained by the ruling from offering other evidence which was proper.

There is no room, we think, for putting upon Mrs. DeGroff's covenant any such construction as is claimed for it. The deed was given by her in her representative character as administratrix, and signed by her as such. The covenant against her own acts refers to such representative character, and we cannot suppose from the recitals or from the manner of execution, that she was understood to preclude herself thereby from asserting her individual rights. It is quite true that the covenant was not essential to the validity of the

deed; but it was far from being meaningless, and might, under some circumstances, if the sale had proved defective, have given the grantee a right of action.

We think the rulings of the Circuit Judge were correct. Whether the reasons assigned by him were also correct is entirely immaterial, and we do not therefore discuss that question.

The judgment must be affirmed, with costs.

The other Justices concurred.