LORANGER *v.* LORANGER.

1. SLANDER—WORDS IMPUTING WANT OF CHASTITY—CIRCUMSTANCES OF UTTERANCE.

In the course of a dispute over some wood which plaintiff was attempting to prevent defendant and his tenant from hauling away from premises claimed by her, defendant was alleged to have said to plaintiff, in the presence of the tenant: "You are not a decent woman; you do not keep a respectable house." *Held*, that defendant could not complain that the jury, in an action for slander, were permitted to find that the words used imputed to plaintiff a want of chastity and the keeping of a house of ill fame.

2. SAME—PUBLICATION—PLEADING.

Under a declaration for slander alleging that the words complained of were used in the presence and hearing of divers persons besides plaintiff, the plaintiff may establish publication by showing that one person other than the parties was present and heard the slanderous words.

3. SAME.

The testimony of such third person that he did not hear the defendant utter the alleged slanderous words is not conclusive

of the question, if the evidence shows that he was in a position to have heard them; the jury being at liberty, his denial to the contrary notwithstanding, to find that he did hear the words.

4. SAME—DAMAGES—RELATIONSHIP AND PECUNIARY STANDING.
It is proper for the jury, in an action for slander, to consider the relations of the parties and the pecuniary standing of the defendant.

5. SAME—VERDICT—SEPARATION OF ITEMS.
The court may properly require the jury to reconsider their verdict in an action for slander, if it does not conform to Act No. 216, Pub. Acts 1895, with reference to the separation of the items for injuries to feelings and other injuries.

6. MALICIOUS PROSECUTION—PROBABLE CAUSE—EVIDENCE.
In an action for malicious prosecution, there was evidence that defendant aided in procuring the arrest of plaintiff upon a charge of larceny for taking wood from land to which he knew that she made a *bona fide* claim of title and possession; and that, when plaintiff was discharged by the justice, defendant said to her: "You beat me. I will take you before my justice, where you will be beaten." *Held*, sufficient evidence of want of probable cause.

Error to Wayne; Hosmer, J. Submitted January 26, 1898. Decided February 16, 1898.

Case by Ellen Sophia Loranger against Joseph Loranger for slander and malicious prosecution. From a judgment for plaintiff, defendant brings error. Affirmed.

*George W. Coomer*, for appellant.

*Jay Fuller*, for appellee.

HOOKER, J. The plaintiff recovered a verdict in an action of case, upon a declaration containing counts for slander and malicious prosecution. The slanderous words complained of were, "You are not a decent woman; you do not keep a respectable house." The plaintiff testified to the use of this language, and also the words, "You are not respectable." The court left it to the jury to determine whether this language imputed a want of chastity.

The interview in which the words were uttered was in the woods, upon ground claimed by both parties, on an occasion when the plaintiff attempted to prevent the defendant and one Halstead (his tenant upon adjoining premises) from drawing away wood claimed by her. She was disputed, as to the use of these words, by both Halstead and the defendant. Both said that they were not uttered, and there was no evidence tending to show that Halstead might not have heard all of the conversation if they were. It was, of course, fatal to plaintiff's case if Halstead did not hear them. The prosecution claimed to have been malicious was a charge of larceny of wood belonging to Halstead, prosecuted upon his complaint before a justice, the defendant being security for costs. The plaintiff was arrested, and was subsequently discharged. The papers were destroyed by the justice, but his docket states that she was discharged by reason of a defective complaint. There was testimony that, after this discharge, the defendant, who was present, said to her: "You beat me. I will take you before my justice at Wyandotte, where you will be beaten." Halstead testified that the plaintiff did not steal the wood, and that those who did were subsequently arrested and convicted.

The jury returned a verdict: "For injury to feelings, $500; for other injury, $300; lawyer's fee, $30." The court refused to receive this verdict, and instructed them as follows:

"You misunderstood,—I will have to ask you to retire again,—to this extent: The statute requires that in slander and libel cases you should specify what is for injury to the feelings and what is for the other injuries. There is also, as I say, submitted a case for malicious prosecution. This specification is only for the slander. You are not required by statute to specify for malicious prosecution. Of course, it would be the difference between the slander case and the balance. In other words, any injury to the feelings would be only in the slander case, and the other injuries is only in the slander case. That is in accordance with my charge. So I am

rather inclined to think that you must keep the slander case distinct and clear from the case for malicious prosecution.

"*Foreman:* So we understand we have.

"*The Court:* I don't think I could infer that from this paper,—for injury to the feelings, $500. That applies only to the slander case. For the other injury, and that only applies to the balance of the slander case, $300; lawyer's fee, $30. The lawyer's fee, you see, has nothing to do with the slander case; that is only for malicious prosecution. Perhaps if I put it on there, the statute, as I said before, of 1895, made it incumbent upon the jury only in cases of slander to so divide their verdict as to show what sum they have assessed for injury to the feelings and what for the other injuries; that is, to the reputation or property, or other injury arising in slander cases. So, in this case, while your general verdict may be a certain sum, you must separate the slander case. There is no reason why you should not find for a malicious prosecution apart from that, and so I think I make it plain in that way; but the slander case must be kept distinct from the malicious prosecution case, so as to show those matters which are pointed out and required by statute. You may retire. Mr. Clerk, you may file that as part of the case.

"*Defendant's Attorney:* We take an exception to the action of the judge in returning the jury to the jury room, and in directing a finding for them.

"Thereupon the jury retired, and after awhile returned into court, and rendered the following verdict: 'We find for the plaintiff in the sum of $830,—$375 for injured feelings; $125 for reputation; and $330 for malicious prosecution.' The defendant's attorney objected to the receipt of this verdict, on the ground that another and different verdict had been rendered in the case by the jury, and because the verdict was not in accordance with the law governing this kind of case; which objection was overruled by the court, and exception taken by defendant's attorney."

A motion for new trial was made, and the court made an order that the same be granted, unless the plaintiff remit all over the sum of $400 awarded her by the jury, which was done, and judgment was entered for that sum. The defendant has brought the case here by writ of error.

The claim is made that the words alleged and proved were not slanderous *per se*, *i. e.*, that they do not necessarily impute a want of chastity, and that they were not said under circumstances which made it proper to permit the jury to so find.   We are of the opinion that to charge a woman with not keeping a respectable house would ordinarily be understood to mean that she kept a house that was not respectable, especially if it was known that she kept a house; and, in the absence of circumstances tending to show some other particular in which it was disrespectable, we think that such a charge would be commonly understood to mean a "bawdy house" or "house of ill fame."   This charge was made in a controversy over the ownership of land, and the character of the plaintiff's house was not involved in the merits of the dispute, but was brought in by way of vituperation.   The defendant has no cause to complain that the question was left to the jury.

It is said that the plaintiff should not have been permitted to recover because the declaration alleged that the slanderous words were used in the presence and hearing of divers persons besides the plaintiff, while the proofs show that only one person besides the parties was present, and that he did not hear them.   It is essential that a publication be alleged, though we have held that the omission is cured by verdict.   *Taylor* v. *Kneeland*, 1 Doug. (Mich.) 67.   But the authorities agree that the allegation in this case is sufficient.   13 Am. & Eng. Enc. Law, 472; Townsh. Sland. & L. §§ 107, 324.   Under it, proof may be offered showing that the words were spoken in the presence and hearing of one or any number besides the plaintiff.

The statement of the witness Halstead that he did not hear the words alleged to have been spoken is not conclusive of that question.   There was testimony that he was where he might have heard them if spoken, and he was called to dispute the statement of the plaintiff that they were spoken, which he did unqualifiedly.   The jury believed the plaintiff, and it was competent for them to

find that Halstead heard them, his denial to the contrary notwithstanding. It was therefore not error to submit the case to the jury upon the slander count, or to instruct them that it was sufficient if one person, other than the plaintiff, was present, and heard the words uttered.

It was proper for the jury to consider the relations of the parties, and, under our decisions, the pecuniary standing of the defendant.

It was not error for the court to require the jury to reconsider their verdict, if not in conformity to Act No. 216, Pub. Acts 1895. Courts should not receive unlawful verdicts, if it can be avoided without injustice. The defendant has no cause for complaint. That verdict as first rendered awarded $500 for injury to feelings, upon both counts, while judgment was entered for but $400, thus eliminating all questions relating to the award of $300 for other injury and $30 attorney's fee. If, on the other hand, it be said that the corrected verdict shows but $375, all told, for injured feelings, there was $330 returned for malicious prosecution; thus making more than $400, if we leave out the $125 for injury to reputation, upon the assumption that it must have related to the slander suit, and that it was not recoverable under the law of 1895.

We do not agree with counsel that there was no evidence tending to show a want of probable cause. There was testimony that the defendant aided in procuring the complaint and arrest to be made upon a charge that the plaintiff was guilty of larceny for taking wood from land to which he knew that she made a *bona fide* claim of title and possession. These circumstances, and his threat to prosecute before "his justice at Wyandotte," tend to show malice. She was discharged by the justice, and has never been prosecuted since. In the absence of a specific request upon the subject of probable cause, we cannot hold that the court did not sufficiently explain it.

We find no error in the record, and the judgment is affirmed.

The other Justices concurred.