McTAGGART v. KURYS.

1. WITNESSES — OPPOSITE PARTY — CROSS-EXAMINATION — MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Testimony of defendant widow, called by plaintiff administrator for cross-examination as to amount of money contained in metal box at time of death of plaintiff's decedent, was for consideration of the jury even as to matters equally within the knowledge of the deceased (3 Comp. Laws 1929, §§ 14219, 14220).

2. JOINT TENANCY—OWNERSHIP OF MONEY—QUESTION FOR JURY— EVIDENCE.

Question of ownership of money in metal box, claimed by defendant to have been owned jointly with her deceased husband, held, properly submitted to jury notwithstanding a discrepancy in the testimony.

3. TRIAL—INSTRUCTIONS—EVIDENCE.

In administrator's action against deceased's widow to recover $5,350 of money which had been contained in a metal box and which she claimed as survivor of joint ownership, where evidence supported substance of jury's first verdict of $1,000 for defendant and balance for plaintiff, trial court's instruction that jury had to find amount of money in the box, as to which question testimony was not in dispute, and which jury could have taken as indicating verdict was wrong in substance resulted in reversible error where jury then returned verdict for plaintiff of full amount.

Appeal from Genesee; Bishop (Clifford A.), J. Submitted January 8, 1947. (Docket No. 28, Calendar No. 43,122.) Decided October 13, 1947.

Action by David L. McTaggart, administrator of the estate of Grzgorz Kurys, alias Harry Kurish,

deceased, against Apolonia Kurys, alias Pauline Kurys, alias Pauline Kurish, to recover money of deceased. Verdict and judgment for plaintiff. Defendant appeals. Reversed and new trial granted.

*Michael W. Evanoff,* for plaintiff.

*Cline & George* (*Leon Seidel,* of counsel), for defendant.

REID, J. This is an action at law brought by the plaintiff as administrator of the estate of Grzgorz Kurys, deceased, against the defendant, the widow of the deceased, to recover the sum of $5,350 claimed by the plaintiff to have been the money of the deceased. Defendant claims that she was a joint owner with her husband of the money, which was contained in a metal box in the residence of defendant and her husband, and that she became the sole owner of the money by survivorship. The jury's verdict was in favor of the plaintiff and from the judgment thereon defendant appeals.

Defendant and deceased were married in August, 1934, and lived together in Flint, Michigan, as husband and wife, until his sudden death, December 17, 1941. Deceased had adopted Walter Kurys several years prior to his marriage to the defendant so that the adopted son, Walter, and defendant are the only heirs-at-law of deceased. Defendant had a son by a prior marriage and owned some rentable property which became hers on the death of her former husband. Deceased during his last 20 years was an employee of the Buick Motor Company in Flint.

Defendant was put on the witness stand by plaintiff for general cross-examination * and to show the

* See 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915).—RE-PORTER.

amount, $5,350, that was in the metal box at deceased's death, which amount plaintiff was apparently unable to prove in any other way. Under such circumstances, defendant's testimony was for consideration by the jury even as to matters equally within the knowledge of deceased. See *In re Estate of Dunlap,* 94 Mich. 11; *Kwiecinski* v. *Newman's Estate,* 137 Mich. 287; *Geisel* v. *Burg,* 283 Mich. 73. See, also, 64 A. L. R. 1148 and 107 A. L. R. 482; also, 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).

Defendant testified that at the time of her marriage to deceased she had $190 and deceased had $700, that the two sums of money were placed together in the metal box in question, and that deceased said, "We have for starting," and that the $890, along with moneys later deposited in the box, was owned by defendant and the deceased jointly. Deceased was fearful of the safety of putting his money in the bank. The metal box in question was used as the family purse, and the expenses of the household, including taxes and the purchase of a new refrigerator and a gas range, were provided for by money taken from the box in question. Defendant further testified that when she needed money for the family living expenses she went to the box to obtain it.

Defendant further testified her husband gave her a key to the box in 1935, but the testimony of the witness Cutler would establish that the key had been stamped by him in 1939 or later and therefore of course it could not have been given by deceased to defendant before that time. This discrepancy is relied on by plaintiff, who claims that the testimony of defendant having been shown to be incorrect in a material particular, the jury were justified in rejecting her testimony entirely, including her testimony

that deceased constituted himself and defendant the joint owners of the money in the metal box, with right of ownership in the survivor. We find no error in the manner in which this disputed question of fact was submitted to the jury.

After the case had been submitted to the jury the following occurred:

"*The Court:* Members of the jury; Have you agreed upon a verdict, and if so, who will speak?

"*The Foreman:* We have.

"*The Court:* You have agreed upon a verdict?

"*The Foreman:* Yes.

"*The Clerk:* For whom do you find?

"*The Foreman:* 'We have decided to turn over the contents of the box to the administrator except $1,000 to Mrs. Kurys.'

"*The Court:* Well, now, that is not it. You have to find the amount. Do you know what was in the box? Now, that is what you have to find, a certain amount.

"*A Juror:* Well, that is one thing that bothered us. We don't know how much was in the box.

"*Another Juror:* Do we take the amount that was given in the testimony?

"*The Court:* If you believe the testimony in this case. As I instructed you, if there was no testimony your verdict would be that of no cause for action. It is not for the defendant to prove the property belongs to her. It is for the plaintiff to prove by a preponderance of the evidence the amount of money that belonged to the estate that was in that box. The burden of proof is on the plaintiff, not on the defendant. Now, you return to your jury room, and if you can determine from the testimony in the case that they have proved the amount of money that was in the box, it is for you to find whether the plaintiff has proved by a preponderance of the evidence they are entitled to a certain amount, then you come in and return your

verdict, as to whether on the first count or second count, and if on the second count it is double the amount.* On the first count it is just for the amount. Just return and see if you can figure out what the judgment is.''

The verdict thus announced by the jury was well well within the limits of the testimony and therefore was proper for the jury to render as to sub-· stance, but, of course, was incorrect as to form.

The testimony was all one way, that the amount of money in the metal box at deceased's death was $5,350. The court's question asked by him of the jury as to whether they knew what was in the metal box might well arouse uncalled for speculation as to the amount. It was the duty of the court, since the amount was not in dispute, to have indicated to the jury that they could deduct from the amount of money shown by undisputed testimony to be in the metal box, the amount that the jury had announced that they had found was defendant's money, $1,000, and in consequence the verdict would be for the plaintiff for the remainder, $4,350.

The jury again retired to the jury room and after further deliberation, returned a verdict for the plaintiff for the full amount of money that was in the metal box at deceased's death, $5,350, without deducting the $1,000 which the jury had theretofore found was the property of defendant. Defendant's testimony uncontradicted had furnished an ample basis for a finding that defendant had deposited much more than $1,000 of her money in the metal box.

The court's statement, ''Well, now, that is not it,'' was erroneous. While that statement was correct as to the form of the verdict, it was incorrect

---

* Act No. 288, chap. 2, § 55, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-2[55], Stat. Ann. 1943 Rev. § 27.3178[125]).

as to the substance, and was evidently construed by the jury as a statement by the court that their verdict was incorrect in substance as well as form, hence the substantially different verdict which was later rendered.

For this error the judgment is reversed. In view of our ruling, other claimed errors become unimportant. The cause is remanded to the trial court with instruction to set aside the verdict and grant a new trial; costs to await the result.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, NORTH, and DETHMERS, JJ., concurred.