YAKLIN v STANLEY

TORTS—NEGLIGENCE—INTENTIONAL TORTS—APPORTIONMENT OF DAM-
AGES—INSTRUCTIONS TO JURY.

> An instruction to the jury permitting a single verdict for damages
> on two counts was not error where the counts were for negli-
> gent operation of an automobile and for a subsequent assault
> and battery, since there is no reason to apportion damages
> caused by two wrongs of the same defendant.

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted Division 2 June 19, 1972, at Lansing.
(Docket No. 12262.) Decided July 25, 1972.

Complaint by Victoria Yaklin against Shelver
Stanley for damages resulting from an automobile
accident and assault and battery. Judgment for
plaintiff. Defendant appeals. Affirmed.

*Benton, Hicks, Beltz, Behm & Nickola,* for plain-
tiff.

*Gault, Davison & Bowers* (by *Guy H. Hill),* for
defendant.

Before: FITZGERALD, P. J., and QUINN and DAN-
HOF, JJ.

QUINN, J. February 11, 1969, plaintiff's car was
stopped for a traffic light controlling the intersec-
tion of Center and Atherton roads, Flint. Just
after the light changed in her favor, the rear of
plaintiff's car and the front of defendant's car

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial §§ 805, 1043, 1054.

came into collision. The evidence as to the cause of collision was somewhat disputed. Plaintiff claimed defendant rear-ended her. Defendant testified that plaintiff's car rolled back into his. Defendant's car was not damaged but the rear of plaintiff's car was damaged. Plaintiff was shaken up by the impact but any physical contact between her body and the inside of her car was a possible striking of the steering wheel but "not seriously".

After the impact, an altercation ensued between defendant and plaintiff. Defendant either struck or shoved plaintiff on her left shoulder causing her to stagger backwards and fall against the open door of her car with her left hand and hip. She visited her doctor the next day and he noted the following: cerebral contusion, traumatic bursitis or inflammation of the left shoulder, cervical and dorsal muscle contraction, fracture of the left hand, contusion of the left hip, elevation of pre-existing hypertension, and traumatic aggravation of generalized arthritic condition.

Plaintiff's complaint for damages contained two counts, one for negligent operation of an automobile and one for assault and battery. The jury returned a verdict of $18,000 for plaintiff. Judgment entered thereon, defendant's motion for a new trial was denied and he appeals from the order denying new trial.

Defendant was insured for liability for bodily injury arising out of the operation of his automobile to the extent of $10,000 for one person. He was not insured for liability arising out of an intentional tort. These facts, the jury instructions of the trial court with respect to apportionment of damages, and the jury verdict which did not apportion damages, are the basis of this appeal.

The instructions above referred to are:

"If you find that the plaintiff is entitled to damages on Count I—that is, resulting from the accident—you must determine the amount of damage caused by that accident and return a separate verdict in that amount as to Count I.

"If you find that plaintiff is entitled to damages on Count II, the battery count, you must determine the amount of damages caused by the battery and the falling, and return a separate verdict in that amount as to Count II.

"If you find defendant is liable to the plaintiff on both counts, and if the damages of the plaintiff can be separated or allocated with reasonable certainty to a separate verdict on Count I and a separate verdict on Count II, then you must return separate verdicts as to each count, and mere difficulty in so doing does not relieve you of that responsibility.

"However, if after a careful consideration of the evidence you are unable to allocate the damages to those caused by the accident and those caused by the battery, then you shall not divide. her total damages between the two counts and your verdict may be a single verdict on both counts."

The jury verdict indicated inability to allocate damages between each count. Defendant's motion for a new trial was based on two grounds, namely: the jury verdict as to the impossibility of allocation of damages was against the great weight of the evidence, and the instructions permitting a single verdict on two counts was erroneous. These same grounds are urged as the basis for appellate relief.

It is academic that a motion for new trial is addressed to the trial court's discretion. Appellate relief from the action of the trial court on the motion is restricted to instances of abuse of discretion. In order to show that abuse in the case before us, defendant must establish that the trial court was legally wrong.

In support of his claim that the trial court erred in its instructions, defendant relies on *Meier v Holt,* 347 Mich 430 (1956), and *Maddux v Donaldson,* 362 Mich 425 (1961). Both cases are distinguishable; both involved successive injuries to the plaintiff by separate defendants. Reason for the rules therein announced as to allocation of damages is readily apparent. Is there reason to apply these rules to a case of successive injuries to a plaintiff by the same defendant where the first injury is the result of his negligence and the second injury is the result of his intentional tort? Defendant has failed to persuade us that there is any reason for such an application.

In situations where there are two causes for the injuries suffered by plaintiff, we can see reason for apportioning damages where the causes are attributable to two persons separately, or to one person and natural causes, see *Clemones v Alabama Power Co,* 250 F Supp 433, 438–439 (ND Ga, 1966), or to one person for a wrongful and an innocent cause. We see no reason to apportion damages caused by two wrongs of the same defendant.

The instruction complained of actually gave defendant more than he was entitled to, and no error of law is demonstrated.

This resolution obviates discussion of whether or not the jury's verdict as to impossibility of allocation of damages was against the great weight of the evidence.

Affirmed with costs to plaintiff.

All concurred.