ALVARADO v SCUTT

1. APPEAL AND ERROR—MOTIONS—NEW TRIAL—ABUSE OF DISCRETION.

Review by the Court of Appeals of a trial court's denial of a motion for a new trial is to determine whether the denial was an abuse of discretion.

2. APPEAL AND ERROR—JURY VERDICT—DEFECTIVE VERDICT—REDELI-BERATION—GROUNDS FOR REVERSAL.

There is no ground to reverse a jury verdict even where the verdict must, upon redeliberation, be substantially reassessed after discovery of a defect where the trial court does not seriously compromise the jury's free exercise of judgment on the factual merits.

3. TRIAL—JUDGE'S DISCRETION—JURY—REDELIBERATION—FORM OF VERDICT.

A trial judge did not abuse his discretion in asking a jury to redeliberate in order to correct the form of their verdict where the judge made no comment to the jury which compromised their determination of the facts, the judge's response to the initial verdict was addressed solely to the improper form of the verdict, and the verdict ultimately returned was in the form the judge orginally requested.

4. JUDGMENT—JURY VERDICT—DEFECTIVE JUDGMENT—COURT RULES.

A jury verdict upon which no judgment was rendered may not be attacked by use of a court rule which provides for a post-trial proceeding to remedy defective judgments (GCR 1963, 527).

5. DAMAGES—EVIDENCE—JURY VERDICT—GREAT WEIGHT OF EVIDENCE.

A jury's verdict that a plaintiff was entitled only to minimal damages following an automobile accident was not contrary to the great weight of the evidence where there was evidence to indicate that the injury of which the plaintiff complained was

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 123 *et seq.*
58 Am Jur 2d, New Trial § 212 *et seq.*
[2–4] 76 Am Jur 2d, Trial § 1208 *et seq.*
[5] 76 Am Jur 2d, Trial § 1166.

work-related and existed prior to the automobile accident, that the injury may have been psychological rather than physical, and that the plaintiff was on sick leave from her employment at the time of the accident.

Appeal from Ingham, Ray C. Hotchkiss, J. Submitted November 8, 1977, at Lansing. (Docket No. 31140.) Decided February 22, 1978. Leave to appeal applied for.

Complaint by Anita Alvarado against Melissa M. Scutt for damages for injuries received in an automobile accident. Judgment for plaintiff. The plaintiff's motions for a mistrial and for a new trial were denied, and the plaintiff appeals. Affirmed.

*Dunnings & Canady, P. C.,* for plaintiff.

*Foster, Swift, Collins & Coey,* for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and C. L. BOSMAN,* JJ.

V. J. BRENNAN, J. On February 15, 1974, plaintiff Anita Alvarado filed a complaint charging defendant Melissa M. Scutt with negligent operation of an automobile. The case arose out of an automobile accident in Lansing, Michigan, on February 2, 1973. Plaintiff was traveling north on Washington and stopped at a railroad crossing when the signal started flashing. While stopped at the crossing, plaintiff's vehicle was struck from the rear by a car driven by defendant. Plaintiff experienced no pain at the time of the accident and indicated to a policeman at the scene that she was unhurt.

Plaintiff experienced pain and stiffness in her neck, shoulders and arms on the day after the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

accident and visited Ingham Medical Hospital. X-rays were taken and muscle relaxants prescribed. Plaintiff was employed at Oldsmobile at the time of the accident. However, she was on sick leave for a leg condition. Dr. DeBruin, the physician treating plaintiff's leg condition, examined plaintiff regarding her complaints of pain in her neck and upper extremities, but found no evidence of organic disease. Nevertheless, during the next three years, plaintiff was forced by these injuries to undergo various treatment and hospitalization, as well as various reassignments in her employment due to her disability. Detailed testimony to this effect was elicited at trial.

At the conclusion of trial, the trial court instructed the jury as to the elements of negligence, burden of proof, and the measure of damages. The trial court further instructed the jury that their verdict should be in either of two forms: (1) verdict for the plaintiff with damages assessed in a dollar amount, or (2) verdict of no cause of action for defendant.

The jury rendered their verdict in the following manner:

"We find Miss Scutt guilty of negligence and we award Miss Alvarado recovery costs limited to medical expenses incurred to date which are not covered by Miss Alvarado's insurance program plus $1,000 for pain and suffering."

The trial court requested counsel to approach the bench and, after a conference out of the hearing of the jury and the court reporter, advised the jury that their verdict was not in the form which he had requested. The trial court remanded the jury for further deliberations after reinstructing them that they may find on behalf of the plaintiff

and assess damages or find on behalf of the defendant.

After the jury retired, plaintiff's counsel moved for a mistrial on the basis of the improperly returned verdict. The trial court took the motion under advisement. The jury returned and found on behalf of the plaintiff, awarding her a lump sum verdict of $2,579.40. The trial court then denied plaintiff's motion for a mistrial. Plaintiff later moved for and was denied a new trial on the same ground. Plaintiff appeals as of right under GCR 1963, 806.1.

On appeal, plaintiff raises several issues for consideration. We will discuss at length only one of those claims.

Plaintiff contends that the trial court erred by denying her motion for a new trial because the court was forced to remand the jury to redeliberate after the jury had rendered an initial verdict in a form inconsistent with his instructions.

GCR 1963, 527.1 permits a new trial to be granted to all or any of the parties on all or part of the issues whenever their substantial rights are materially affected for any one of nine enumerated causes. Neither plaintiff's motion for a new trial nor her brief on appeal avers to any one of the specific grounds for granting a motion for new trial. The error plaintiff claims could be covered either by GCR 1963, 527.1(1), referring to irregularity in the proceedings of the court, or by GCR 1963, 527.1(7), concerning errors of law which occur during the proceedings. In any event, we review the court's denial of plaintiff's motion by determining whether an abuse of discretion occurred. *Yaklin v Stanley,* 42 Mich App 157, 159; 201 NW2d 347 (1972).

Michigan decisions indicate that even verdicts

which on redeliberation must be substantially reassessed after discovery of a defect do not create ground for reversal where the court does not seriously compromise the jury's free exercise of judgment on the factual merits. See *Jakubiec v Hasty,* 337 Mich 205, 212; 59 NW2d 385 (1953). See also *McCormick v Hawkins,* 169 Mich 641, 648–649; 135 NW 1066 (1912) (no error in a case where the trial court instructed the jury to redeliberate and eliminate from their original verdict an order that defendant retract a certain defamatory article); *Loranger v Loranger,* 115 Mich 681, 686; 74 NW 228 (1898) (no error where the trial court required the jury to reconsider its verdict because the verdict did not conform with an applicable statute which required separation of the items of injury); *Olcott v Hanson,* 12 Mich 452, 454–455 (1864) (no error in an action on a promissory note where the jury was instructed to redeliberate in order to express its verdict in terms of a specific sum).

Plaintiff's reliance on another recent case is misplaced. *McTaggart v Kurys,* 318 Mich 627; 29 NW2d 114 (1947). In that case, plaintiff sought to recover from defendant wife of deceased the sum of $5,350, the contents of a metal box. Uncontroverted testimony appeared that at least $1,000 of the total sum belonged to defendant. The jury awarded the contents of the box to plaintiff less $1,000 which they awarded to defendant. Upon hearing the verdict the trial court replied, "Well, now, that is not it". He then directed the jury to find a certain amount and remanded them for further deliberation. The jury's second verdict awarded the entire contents of the box to plaintiff. The Court reversed on the basis that the trial court's initial reply to the jury's verdict was evidently construed by the jury as a statement that

defendant was not entitled to *any* damage at all in *any* form. In essence, the jury's ability to determine the factual merits of the case was taken from them. *McTaggart, supra,* at 631–632.

We find the present case distinguishable simply because the trial court made no comment to the jury which compromised their determination of the factual merits of the case. The trial court's response to the initial verdict addressed solely the improper form of the verdict. The verdict ultimately returned was properly in the form the trial court originally requested. We find no error in the court's initial instruction and no abuse of discretion in his returning the jury to redeliberate in order to correct the form of the verdict. See *Jakubiec v Hasty, supra* at 212; *McCormick v Hawkins, supra* at 648–649. Plaintiff's claim is without merit.

Having carefully considered the plaintiff's remaining allegations of error, we might only note that because GCR 1963, 527 is a post-trial proceeding designed to remedy defective judgments and because judgment was entered only on the second verdict, the initial verdict, upon which no judgment was rendered, cannot be attacked under GCR 1963, 527.

Further, under plaintiff's final contention that the jury's verdict was contrary to the great weight of the evidence, we would eliminate any possible review of the jury's initial verdict on the grounds just mentioned. Regarding the second verdict, evidence appeared to indicate that plaintiff's injury was work-related and existed prior to the auto accident, that the injury may have sprung from psychological rather than physical etiologies, and that plaintiff was on sick leave at the time of the accident. Such evidence would support the theory

that plaintiff's injury and inability to work could have been due to causes other than the accident, allowing the jury to properly find wages lost subsequent to the accident not a result of the accident itself. The verdict was not contrary to the great weight of the evidence and the court did not abuse its discretion by denying plaintiff's motion for a new trial on that ground. See *People v Stephens,* 58 Mich App 701, 703; 228 NW2d 527 (1975).

Affirmed.

QUINN, P. J., not participating.