JACKSON v FOX

1. JUDGMENT—JUDGMENT NOTWITHSTANDING VERDICT—FACTS—INFER-
   ENCES—APPEAL AND ERROR.

   A judgment notwithstanding the verdict on a defendant's motion
   is appropriate, at the lower court level, only if the facts taken
   inferentially in the plaintiff's favor preclude judgment as a
   matter of law; special attention must be paid on appeal to the
   lower court's assessment of the sufficiency of the facts and
   inferences, and such facts and inferences must be viewed in the
   light most favorable to the party opposing the motion.

2. WITNESSES—ADVERSE WITNESSES—OPINION EVIDENCE—DUE CARE—
   STATUTES.

   A party litigant calling the opposite party for cross-examination
   "under the statute" as an adverse witness is bound by the
   testimony elicited, unless such testimony is contradicted by
   other proofs or is inherently improbable or incredible; the
   opinions of the adverse party on negligence are not binding on
   his opponent and the jury need not accept this testimony as
   proof of the establishment of due care (MCLA 600.2161; MSA
   27A.2161).

Appeal from Wayne, John R. Kirwan, J. Submit-
ted April 15, 1976, at Detroit. (Docket No. 24702.)
Decided May 28, 1976. Leave to appeal applied for.

Complaint in Detroit Common Pleas Court by
Walter H. Jackson and by Andrea Thompson by
her next friend Jeanette Thompson against Robert
D. Fox and others for damages for negligence.
Judgment for plaintiffs. Defendant Fox's motion

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 106 *et seq.*

[2] 81 Am Jur 2d, Witnesses § 494.

Federal Civil Procedure Rule 43(b), and similar state rule, relating
to the calling and interrogation of adverse party as witness at
trial. 35 ALR2d 756.

for a judgment notwithstanding the verdict denied. Defendant Fox appealed to circuit court which reversed the judgment for plaintiffs and ordered a new trial but affirmed the denial of the motion for a judgment notwithstanding the verdict. Defendant appeals. Affirmed.

*Stempien & Stempien, P. C.,* for plaintiffs.

*Moore* and *Ricard,* for defendant.

Before: D. E. HOLBROOK, P. J., and BRONSON and D. C. RILEY, JJ.

D. C. RILEY, J. Defendant Fox appeals the Wayne County Circuit Court's order of a new trial after that court accepted defendant's claim that a Detroit Common Pleas Court verdict awarding each plaintiff $2,000 was unwarranted, but rejected defendant's request for a judgment notwithstanding the verdict. We conclude that the circuit court's order of a new trial was a proper exercise of that court's discretion.

Plaintiffs filed suit in Detroit Common Pleas Court against defendant Fox, alleging that defendant, as an operator of a used car lot, was negligent in failing to inspect the vehicle identification number (VIN) of a stolen 1959 Ford that Fox purchased. It was claimed that defendant subsequently sold a 1959 Ford to a Thomas Eugene Lester and that a Thomas Eugene Lester subsequently sold a 1959 Ford to plaintiff Jackson. It is further alleged that plaintiff Jackson and plaintiff Thompson, after being stopped for a routine traffic violation while driving the 1959 Ford, were arrested for possession of a stolen vehicle and jailed for four days. Fox defended the action by denying negligence in inspecting the VIN of the Ford he

sold, and by claiming that the Ford he sold to Lester was not the same car as the stolen Ford plaintiff drove.

A careful review of the plaintiffs' record fails to disclose an articulate theory of liability that would hold a used car dealer liable for the arrest of a subsequent purchaser of a stolen car sold by the dealer. Moreover, plaintiffs hardly offered a wealth of evidence to substantiate their allegations of negligence or their allegations that the car defendant sold to Lester was the car plaintiff drove when arrested. Nonetheless, despite these infirmities, we agree with the circuit court in concluding that although the jury verdict of $2,000 in favor of each plaintiff was against the great weight of the evidence presented, there was sufficient evidence presented to ward off a judgment notwithstanding the verdict.

At the lower court level, a judgment notwithstanding the verdict on defendant's motion is appropriate only if the facts taken inferentially in plaintiff's favor preclude judgment as a matter of law. *Vice v The Great Atlantic & Pacific Tea Co,* 53 Mich App 140; 218 NW2d 766 (1974). In reviewing a lower court's decision on the motion, this Court must also view the facts and inferences therefrom in the light most favorable to the party opposing the motion, *McClure v Dukes,* 61 Mich App 339, 342; 232 NW2d 704 (1975). In our consideration of the facts and inferences, we must pay special attention to the lower court's assessment of the sufficiency of the facts and inferences. See *Ford v American National Insurance Company,* 46 Mich App 368, 372; 208 NW2d 226 (1973).

With this standard of review in mind, we believe that plaintiffs' claim is supported by sufficient evidence to allow the jury to pass on their cause.

Plaintiffs' only evidence on Fox's negligence in inspecting the VIN of the alleged-to-be stolen Ford was Fox's own testimony that he usually inspected and compared "the plate" number of the car with the number on the title presented by his seller. His uncontradicted testimony obviously does not establish an indisputable case of negligence and in fact leans strongly in establishing compliance with his proposed duty of care. However, we believe that the jury could infer that Fox's inspection was inadequate and too limited in scope. The jury was told by a police officer that the 1959 Ford plaintiff was driving had identification numbers at three locations: door jamb, engine block, and frame. Defendant Fox testified that he customarily checked "the plate". He did not state that he checked more than one number on this car.[1]

The fact that Fox was called "under the statute" as an adverse party does not change our result. MCLA 600.2161; MSA 27A.2161. We acknowledge that a party litigant calling the opposite party for cross-examination under the statute is bound by the testimony elicited unless such testimony is contradicted by other proofs or is inherently improbable or incredible. *Gregg v Goodsell,* 365 Mich 685, 688; 113 NW2d 923 (1962). Accepting that proposition, we can still conclude that the jury could make the inference that Fox's inspection was inadequate. *Gregg v Goodsell* may force the present plaintiffs to accept Fox's uncontradicted, credible testimony, but it does not require the jury

---

[1] We note, in passing, that MCLA 257.251; MSA 9.1951, requires that car dealers and other statutorily defined licensees maintain a record of each auto bought and sold. The record must contain "the engine number, if any, the manufacturer's number, if any, vehicle number, if any, chassis number, if any, and such other numbers or identification marks as may be thereon, and shall also include a statement that a number has been obliterated, defaced or changed, if such is the fact".

to accept that this testimony established due care on the part of defendant. *Gregg v Goodsell* does not require that an adverse party's opinions on negligence be binding on his opponent. The jury could conclude, as did the learned Judge Hand, that a defendant's customary practices do not necessarily satisfy a defendant's standard of care. *The T J Hooper,* 60 F2d 737 (CA 2, 1932), *cert den,* 287 US 662; 53 S Ct 220; 77 L Ed 571 (1932).

Similarly, plaintiff's testimony, on cross examination, that he purchased a 1959 Ford from a Thomas Eugene Lester and defendant's acknowledging that he sold a 1959 Ford to Thomas Eugene Lester is sufficient evidence to allow the jury to pass on the issue of the identity of the car, although plaintiffs could have offered much more evidence to establish the chain of title and identity of the car.

Because there was sufficient evidence to allow the jury to consider plaintiffs' claims, the Wayne County Circuit Court's denial of defendant's judgment notwithstanding the verdict motion is affirmed. On retrial, we expect that a more thorough presentation of the evidence will be attempted.

Costs to abide results of new trial.