BASIC FOOD INDUSTRIES, INC v GRANT

Docket No. 51288. Submitted March 11, 1981, at Detroit.—Decided
July 8, 1981. Leave to appeal applied for.

Basic Food Industries, Inc., retained Donald W. Grant, a lawyer,
to represent it in a lawsuit filed against it. After judgment was
entered against it, Basic Food brought an action against Grant
in the Oakland Circuit Court, alleging legal malpractice in the
handling of the prior case. From a judgment for plaintiff,
Richard D. Kuhn, J., defendant appeals. *Held:*

1. A plaintiff in a legal malpractice action need not show that
he would have prevailed completely in the former action as a
condition precedent to recovery where the allegation is that the
verdict against him was greater than what would have been
returned in the absence of the defendant's negligence.

2. Defendant is not shielded from liability for his actions
merely because professional judgment is at issue.

3. The trial judge did not abuse his discretion in directing the
jury, after they had returned a verdict, to resume deliberations
and return with a dollar figure to make a proper verdict, since
he made no comment compromising the jury's determination of
the factual merits of the case.

4. The trial court did not err in refusing to give certain
requested instructions to the jury. For some, there had been no
evidence to support the instructions. Others concerned law
adequately and clearly covered by the court's instructions.

Affirmed.

1. ATTORNEY AND CLIENT — LEGAL MALPRACTICE.

In an action against an attorney for negligence or breach of

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 7 Am Jur 2d (Rev), Attorneys at Law § 223.
Attorney's liability for negligence in preparing or conducting litiga-
tion. 45 ALR2d 5.
[2, 4] 7 Am Jur 2d (Rev), Attorneys at Law § 120.
[5] 46 Am Jur 2d, Judgments §§ 127, 128.
[6] 75 Am Jur 2d, Trial §§ 573-575.
[7] 58 Am Jur 2d, New Trial § 11.
[8] 75 Am Jur 2d, Trial § 654.
[9] 75 Am Jur 3d, Trial §§ 588, 589.

implied contract, the plaintiff has the burden of proving: (1) the existence of the attorney-client relationship; (2) the acts which are alleged to have constituted the negligence; (3) that the negligence was the proximate cause of the injury; and (4) the fact and extent of the injury alleged.

2. ATTORNEY AND CLIENT — LEGAL MALPRACTICE.

The duty of an attorney retained in a cause is to use and exercise reasonable skill, care, discretion and judgment in its conduct and management.

3. ATTORNEY AND CLIENT — LEGAL MALPRACTICE.

A plaintiff in a legal malpractice action need not show that he would have prevailed completely in the former action as a condition precedent to recovery where the allegation is that the verdict against him was greater than what would have been returned in the absence of the defendant's negligence.

4. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — ERRONEOUS ADVICE.

An attorney who acts in good faith and in an honest belief that his acts and advice are well founded and in the best interest of his client will not be held liable because his advice turns out to be poor; however, a lawyer may be liable for errors of judgment that are very gross.

5. MOTIONS AND ORDERS — JUDGMENT NOTWITHSTANDING THE VERDICT — EVIDENCE.

The grant of a defendant's motion for a judgment notwithstanding the verdict is appropriate only if the evidence is insufficient as a matter of law to support a judgment for the plaintiff, giving the plaintiff the benefit of every reasonable inference that can be drawn from the evidence; if reasonable men could honestly disagree as to whether the plaintiff has satisfied his burden of proof on the necessary elements of his cause of action, a judgment notwithstanding the verdict is improper.

6. TRIAL — JURY INSTRUCTIONS — REDELIBERATION — VERDICTS.

A trial judge did not abuse his discretion in asking a jury to redeliberate in order to correct the form of their verdict where the judge made no comment to the jury which compromised their determination of the facts, the judge's response to the initial verdict was addressed solely to the improper form of the verdict, and the verdict ultimately returned was in the form the judge originally requested.

7. NEW TRIAL — JUDICIAL DISCRETION.

    The granting of a new trial is discretionary with a trial court and the court's decision will not be disturbed unless a clear abuse of discretion is shown.

8. TRIAL — JURY INSTRUCTIONS — THEORY OF THE CASE.

    Each party in a trial is entitled to have his theory of the case explained to the jury except where there is no evidence to support such theory of the case or the theories take or assume as established those facts which the parties, by their proofs, have placed in controversy.

9. TRIAL — JURY INSTRUCTIONS.

    The refusal of a trial court to give certain requested instructions is not error where the instructions given clearly state the applicable law.

*Leo Papp,* for plaintiff.

*Moore, Sills, Poling, Wooster & Sinn, P.C.* (by *James M. Prahler),* for defendant.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and D. C. RILEY, JJ.

D. C. RILEY, J. This appeal arises from a legal malpractice lawsuit instituted as a result of defendant Grant's allegedly negligent defense of plaintiff corporation in a separate lawsuit for attorney fees by a law firm that had previously represented plaintiff. Defendant appeals the jury verdict in favor of the plaintiff for $5,000.

The events giving rise to this lawsuit began around 1970 when Basic Food became interested in acquiring a Detroit company and making it a subsidiary. Basic Food retained a law firm to represent its legal interest with respect to this acquisition. When the firm submitted its bill for legal services to Basic Food, a dispute arose and the law firm sued for unpaid attorney fees alleging that Basic Food was liable on a contract claim for

$8,900 or, in the alternative, on a *quantum meruit* basis for $15,000 (later amended to $300,000).

In March, 1971, Basic Food retained defendant to defend it in the lawsuit for attorney fees. Basic Food's chairman of the board sent defendant a retainer check and instructed him to "aggressively pursue our rights in this case". The defendant filed an answer to the complaint against Basic Food, stating only that the allegations of the complaint were denied. Correspondence from the defendant to Basic Food's chairman of the board indicates that they agreed that a counterclaim against the law firm for malpractice would be an effective means of forcing a settlement. Basic Food directed defendant to depose members of the law firm so that the counterclaim could be filed prior to the running of the malpractice statute of limitations.

About a year later, defendant attempted to file a counterclaim against the law firm, but his motion for leave was denied. Defendant then filed a separate lawsuit against the law firm but a panel of this Court ruled that the statute of limitations had run.

During the two and one-half-year period between his retention as counsel and the time of trial, the defendant failed to take any depositions or discovery even though he had been repeatedly asked by Basic Food's chairman when he would do so. Nor did he seek to depose an expert witness of the plaintiff even though he had been advised approximately a month before trial of plaintiff's intention to use this witness.

In the instant trial, defendant testified that he listed six witnesses on the pretrial statement that he had prepared for Basic Food. One of the witnesses listed was Basic Food's chairman. The pretrial order issued by the pretrial judge indicated,

however, that Basic Food would use only one witness, namely their chairman of the board. Shortly before trial, Basic Food's chairman became ill and was, therefore, unable to testify at trial. During the course of trial, defendant did not attempt to amend his witness list so that others could testify for Basic Food in its chairman's absence. Approximately ten days after the trial began, defendant attempted to call Basic Food's treasurer to testify, but the trial judge disallowed this testimony since defendant had made no attempt to amend his pretrial statement to add the treasurer as a witness.

Defendant rested his case without having introduced any evidence on behalf of Basic Food. He subsequently attempted to call a witness who had been listed on Basic Food's pretrial statement but the court refused to reopen defendant's case.

Following the trial, the jury returned a verdict against Basic Food in the amount of $25,000. On appeal, this Court affirmed the judgment.

Basic Food thereupon instituted this suit against defendant for legal malpractice, contending that defendant's failure to depose one of the plaintiff's principal employees despite repeated written promises to do so, his failure to file the counterclaim timely, his failure to investigate or ascertain the facts constituting the defense to the attorney fee suit, and his failure to engage in any discovery whatsoever, resulted in judgment against Basic Food in an amount greater than it should have been held justly liable for.

Defendant appeals the jury's $5,000 verdict and the court's denial of his motions for a directed verdict, judgment notwithstanding the verdict and new trial.

Defendant first contends that the judgment for

plaintiff must be reversed since plaintiff failed to show that it would have prevailed in the prior litigation had the defendant not been negligent. The contention is that this so-called "case within a case" burden is an essential element of a claim for legal malpractice. Plaintiff's theory, on the other hand, is that the defendant is liable because his conduct maximized the chances of their opponent in the underlying suit and thus led to a higher damage award than would otherwise have been returned by the jury.

The precise question raised on appeal would appear to be an issue of first impression in Michigan. In an action against an attorney for negligence or breach of implied contract, the plaintiff has the burden of proving: (1) the existence of the attorney-client relationship; (2) the acts which are alleged to have constituted the negligence; (3) that the negligence was the proximate cause of the injury and; (4) the fact and extent of the injury alleged. 7 Am Jur 2d, Attorneys at Law, § 223, p 266. The standard of care of an attorney was stated in *Eggleston v Boardman,* 37 Mich 14, 16 (1877), as follows:

"Whenever an attorney or solicitor is retained in a cause, it becomes his implied duty to use and exercise reasonable skill, care, discretion and judgment in the conduct and management thereof."

See also *Babbitt v Bumpus,* 73 Mich 331; 41 NW 417 (1889).

In the instant case, undoubtedly an attorney-client relationship existed. Further, evidence presented at trial by plaintiff showed that the defendant breached his duty of care by failing to make any pretrial discovery, failing to file a counterclaim timely as had been requested by his client, and by failing adequately to inform his client of its

drastically increased exposure to liability.[1] In addition, while defendant did seek to adjourn the trial upon learning that his sole witness would be unavailable, the defendant failed to mitigate the effects of the court's denial of his request by attempting, for example, to procure the chairman's testimony by deposition or to move to amend his witness list so that another witness could have filled the gap presented by the chairman's illness.

The last two elements which must be established to make out a prima facie case of malpractice, proximate causation and damages, have proven to be problematic.

"The factor which has occasioned most difficulty to clients attempting to charge attorneys with liability for negligence in connection with litigation has been the necessity of proving that the damages claimed resulted from the alleged misconduct. The recovery sought is usually the value of the claim in suit in the proceeding in which the negligent act occurred, if the client was a plaintiff in that action, or, if he was a defendant, the amount of the judgment imposed upon him, and, in accordance with general rules as to proximate cause, it is generally held that before such recovery can be had the client must establish that, absent the act or omission complained of, the claim lost would have been recovered or the judgment suffered avoided. Accordingly, the client seeking recovery from his attorney is faced with the difficult task of proving two cases within a single proceeding." 45 ALR2d 5, § 2, p 10.

[1] At the final pretrial conference in the original suit that was held in September, 1973, the plaintiff law firm amended its complaint to raise the *quantum meruit* claim to $300,000. In his report by letter to Basic Food regarding this pretrial conference, defendant herein did not specifically inform plaintiff herein that their potential liability had been increased by such a large amount, although it was in the pretrial statement attached as an appendix. There is some testimony that would indicate that defendant herein did not inform his client of its drastically increased exposure to liability until approximately one week prior to trial.

As another commentator has stated the matter:

"A client's burden of proving injury as a result of his attorney's negligence is especially difficult to meet *when the attorney's conduct prevented the client from bringing his original cause of action* or the attorney's failure to appear caused judgment to be entered against him as a defendant. In addition to proving negligence, a client must show that but for his attorney's negligence he would have been successful in the original litigation; in effect, he must prevail in two distinct suits." Note: *Attorney Malpractice,* 63 Columbia L Rev 1292, 1307 (1963). (Emphasis added.)

We believe that the following language, quoted recently by the Wisconsin Supreme Court, will serve to remove some of the confusion surrounding a lawyer's liability.

" ' "[A]n attorney must be held to undertake to use a reasonable degree of care and skill, and to possess to a reasonable extent the knowledge requisite to a proper performance of the duties of his profession, and, if injury results to the client as a proximate consequence of the lack of such knowledge or skill, or from the failure to exercise it, the client may recover damages *to the extent of the injury sustained * * *." ' " Gustavson v O'Brien,* 87 Wis 2d 193, 199; 274 NW2d 627 (1979), quoting *Malone v Gerth,* 100 Wis 166; 75 NW 972 (1898). (Emphasis added.)

The *Gustavson* court went on in its opinion to distinguish cases where plaintiffs were required to prove a "suit within a suit" in order to recover damages based upon an attorney's negligence.

"In *Cosgrove [General Accident Fire & Life Assurance Corp, Ltd v Cosgrove,* 257 Wis 25; 42 NW2d 155 (1950)] the lawyer's failure to settle the bill of excep-

tions resulted in the client *losing his right to appeal.*
The *[Cosgrove]* court said the client would have to show
that he would have been successful on appeal in order
to prove that the lawyer's negligence had resulted in
damage. Since loss of a right to appeal in itself has no
value the court's conclusion was consistent with the law
on negligence. *An appeal has value only if it can be
won." Gustavson, supra,* 199. (Emphasis added.)

From the authorities cited above, it would ap-
pear that the "suit within a suit" concept has
vitality only in a limited number of situations,
such as where an attorney's negligence prevents
the client from bringing a cause of action (such as
where he allows the statute of limitations to run),
where the attorney's failure to appear causes judg-
ment to be entered against his client or where the
attorney's negligence prevents an appeal from
being perfected. In such cases, it is at least argu-
ably true that the suit within a suit requirement
serves to insure that the damages complained of
due to the attorney's negligence are more than
mere speculation.[2] The concept, however, is wholly
without value in cases such as the one at bar, as
the *Gustavson* court demonstrates. Rather, the
attorney's liability, as in other negligence cases, is
for all damages directly and proximately caused by
the attorney's negligence. See *Smith v Lewis,* 13
Cal 3d 349; 118 Cal Rptr 621; 530 P2d 589 (1975)

---

[2] A general tenet of the law of damages is the rule of certainty. The
rule of certainty requires that proof of damages be based upon factual
evidence, not on mere speculation. See Oleck, *Cases on Damages,* ch 6,
p 132 *et seq.,* (1962).

Many of the reported legal malpractice cases have been based upon
an attorney's failure timely to perfect an appeal or the failure to
commence a lawsuit within the time prescribed by the applicable
statute of limitations. In such cases, it would appear, as the *Gustav-
son* court *(Gustavson v O'Brien,* 87 Wis 2d 193, 199; 274 NW2d 627
[1979]) observed, that the suit within a suit requirement has been
imposed in order to satisfy the rule of certainty, thereby insuring that
the claimed damages are more than mere guesswork.

(holding that a client suing his lawyer for malpractice need not prove a suit within a suit).

In *Professional Liability of Trial Lawyers: The Malpractice Question,* published in 1979 by the American Bar Association, Section of Insurance, Negligence and Compensation Law, the commentator emphasizes that "the client's injury might not be that there was an adverse judgment, but rather the amount of the judgment".

We believe that the "suit within a suit" requirement should, as a matter of sound public policy, be limited to the types of cases we have described above. Requiring the plaintiff in all cases to show that he would have prevailed completely in the former action as a condition precedent to recovery in a subsequent malpractice action is a harsh requirement that would preclude otherwise meritorious claims. If the attorney's negligence results in a verdict against his client that is larger than what would have been returned in the absence of his negligence, then the attorney should be held liable for the increased amount of the judgment.

We do not believe it is sufficient in the instant case to justify defendant's inactions on the basis that they were mere errors of judgment. It is a well-settled principle that an attorney who "acts in good faith and in an honest belief that his acts and advice are well founded and in the best interest of his client" will not be held liable because his advice turns out to be poor. 7 Am Jur 2d, Attorneys at Law, § 201, p 250. See also *Babbitt v Bumpus, supra,* and *Hodges v Carter,* 239 NC 517; 80 SE2d 144 (1954). Even the *Babbitt* Court recognized, however, that a lawyer may be liable for errors of judgment that are "very gross". 73 Mich 331, 338. We do not believe a lawyer can act with impunity and avoid malpractice liability merely

because professional judgment of the attorney is at issue. Since everything an attorney does is based on his professional judgment, a contrary holding would seriously undercut the tort of legal malpractice. We, therefore, reject defendant's claim that he was found liable for a mere error in judgment.

Finally, defendant contends the trial court erred when it denied his motion for a judgment notwithstanding the verdict or motion for a new trial.

The standard of review for judgment notwithstanding the verdict motions was recently summarized by this Court in *Sabraw v Michigan Millers Mutual Ins Co,* 87 Mich App 568, 571; 274 NW2d 838 (1978):

> "A judgment notwithstanding the verdict on defendant's motion is appropriate only if the evidence is insufficient as a matter of law to support a judgment for the plaintiff. *Jackson v Fox,* 69 Mich App 283; 244 NW2d 448 (1976). In making that determination, the court must give the plaintiff the benefit of every reasonable inference that could be drawn from the evidence. *Kroll v Katz,* 374 Mich 364; 132 NW2d 27 (1965). If reasonable men could honestly disagree as to whether the plaintiff has satisfied his burden of proof on the necessary elements of his cause of action, a judgment notwithstanding the verdict is improper. *Kroll v Katz, supra, Jackson v Fox, supra.*"

Applying this test, the evidence adduced at trial certainly was not insufficient as a matter of law to support a judgment for the plaintiff. The record shows that plaintiff presented competent evidence with respect to each element of the tort of legal malpractice. Defendant's claim, that the jury's original verdict demonstrates that it found no damages, is without merit. The jury found damages, but it merely failed to cast its award of damages in a dollar amount. The trial court's

response to the original verdict addressed solely the improper form of the verdict. The trial court made no comment to the jury which compromised its determination of the factual merits of the case. The judge did not abuse his discretion when he directed the jury to resume their deliberations and return with a dollar figure to make a proper verdict. *Alvarado v Scutt,* 81 Mich App 421; 265 NW2d 357 (1978), *lv den* 403 Mich 807 (1978).

It is well settled that the granting or denying of a motion for new trial lies within the sound discretion of the trial judge and will not be disturbed on appeal unless a clear abuse of discretion is shown. *Hegeman v Lucky Drug Stores, Inc,* 28 Mich App 629; 184 NW2d 766 (1970), *People v Alexander,* 72 Mich App 91; 249 NW2d 307 (1976).

Defendant argues that he is entitled to a new trial because the trial judge did not give certain instructions which the defendant had requested. However, there was no evidence in the record to support defendant's requests for instructions on plaintiff's alleged negligence, ratification or estoppel. A party is only entitled to jury instructions on theories that are supported by the evidence. Instructions should not be given where there is no evidence to support them. *Cryderman v Soo Line R Co,* 78 Mich App 465; 260 NW2d 135 (1977).

The defendant's challenge to the instruction given by the court on the requisite standard of care is also without merit. The refusal of the trial court to give a certain requested instruction is not error where the instruction given clearly states the applicable law. *Tanis v Eding,* 280 Mich 440; 273 NW 761 (1937). The trial court's decision not to use the language of *Babbitt, supra,* in its charge was not erroneous since the charge given accurately stated the applicable law.

The trial judge did not abuse his discretion in denying defendant's motion for new trial.

Affirmed.