**Donald P. LAYMON and Peggy Laymon, Plaintiffs,**

v.

**J. David KECKLEY, et al., Defendants.**

**No. K86–46 CA.**

United States District Court,
W.D. Michigan, S.D.

Aug. 22, 1988.

Bishop & Shelton, P.C. by Barry J. Gates, Ann Arbor, Mich., for plaintiffs.

Jon G. March, Miller, Johnson, Shell & Cummiskey, Grand Rapids, Mich., arbitrator.

J. David Keckley, South Bend, Ind., pro se.

Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen by Larry Mason, Detroit, Mich., for J. David Keckley.

Jones, Obenchain, Ford, Pankow & Lewis by Robert W. Mysliwiec, South Bend, Ind., for Robert W. Mysliwiec, Obenchain, Ford, Pankow & Lewis.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiffs Donald and Peggy Laymon ("the Laymons") filed this legal malpractice action against attorney J. David Keckley, attorney Robert W. Mysliwiec, and the law firm Jones, Obenchain, Ford, Pankow, & Lewis, P.C. ("Jones, Obenchain"). The underlying basis of the lawsuit concerns [1] defendants' representation of the Laymons in pursuing claims under the Michigan No-Fault Act, M.C.L.A. § 500.3101 *et seq.* Presently pending before the Court are defendants' motions for summary judgment. At a hearing held May 25, 1988, oral argument was presented and the pending motions were taken under advisement. The Court has reviewed defendants' motions, plaintiffs' response, the evidence presented, applicable statutes and the relevant case law. The motions are now ripe for resolution.

## STANDARD OF REVIEW

Summary judgment is appropriate only where no genuine issue of fact remains to be decided so that the moving party is entitled to judgment as a matter of law. *Atlas Concrete Pipe, Inc. v. Roger J. Au & Sons,* 668 F.2d 905, 908 (6th Cir.1982); *Chesapeake & Ohio Ry. v. City of Bridgman,* 669 F.Supp. 823, 824 (W.D.Mich. 1987). There is no material issue of fact for trial unless, in viewing the evidence in favor of the non-moving party, a reasonable jury could return a verdict in the non-movant's favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* (citations omitted).

The party moving for summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a material fact issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once this has been done, the non-moving party must come forward with specific facts to rebut this showing. Federal Rule of Civil Procedure 56(e); *Celotex,* 477 U.S. at 322–24, 106 S.Ct. at 2552–54. If, however, after adequate discovery, the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Id.*

## RELEVANT FACTS

The following facts are undisputed and are relevant to the issues before the Court. On September 10, 1982, Laymon was injured when a truck being operated by his employer pinned him against a wall. In October of 1982, Donald Laymon contacted Keckley to represent him in obtaining compensation for the injuries sustained. After

---

**1.** In addition, plaintiffs originally alleged that defendants were negligent in failing to file a claim for Workers Compensation benefits against Donald Laymon's employer. This claim has been subsequently withdrawn.

agreeing to the representation, Keckley made a claim for Michigan No–Fault benefits on the Laymons' automobile insurer, State Farm Insurance Company ("State Farm").[2] In addition, on September 9, 1983, Keckley filed a lawsuit in Michigan's Berrien County Circuit Court against James Reed, Donald Laymon's employer; Michigan Mutual Insurance Company ("Michigan Mutual"), the insurer which provided Reed's automobile insurance coverage; and Fred Siekman, the owner of the property where the accident occurred. Since Keckley was not licensed to practice law in the State of Michigan, Mysliwiec of Jones, Obenchain was retained as co-counsel.

In June of 1983, State Farm issued a check reimbursing plaintiff for medical expenses and lost wages. No release was executed at that time. In November of 1983, the lawsuit against Reed and Michigan Mutual was settled for $5,000.00. In connection with that settlement, a general release was executed. In July or August of 1984, the attorney/client relationship between defendants and the Laymons was terminated and the Laymons obtained substitute counsel. In May of 1985, the Laymons' new counsel executed a general release with State Farm on behalf of plaintiffs, releasing State Farm from any future liability in exchange for a check in the amount of $2,248.65. After settling with both insurers, Laymon continued to experience difficulties. In February of 1986, the instant lawsuit was filed.

## ANALYSIS

■ Under Michigan law, in order to maintain a claim for legal malpractice, plaintiffs must establish:

1) That there was an attorney/client relationship;

2) That the attorney was negligent in handling plaintiff's case or breached the attorney/client relationship in some manner;

3) That the attorney's conduct was the proximate cause of injury to the plaintiff or that but for the alleged malpractice the plaintiff would have been successful in the underlying action; and

4) The fact and extent of the injury alleged.

*Basic Food Industries, Inc. v. Grant,* 107 Mich.App. 685, 690, 310 N.W.2d 26 (1982). The standard of care to which an attorney must adhere is measured by the skill generally possessed and employed by practitioners in the profession. *See Gans v. Mundy,* 762 F.2d 338, 341 (3rd Cir.1985). An attorney's considered decision, involving at a minimum the requisite exercise of ordinary skill and capacity, and which is an informed judgment, is not negligence, even if subsequently proven to be erroneous. *See Babbitt v. Bumpus,* 73 Mich. 331, 337–38, 41 N.W. 417 (1889).

In *Babbitt,* the Michigan Supreme Court emphasized the caution to be applied in claims for legal malpractice, 73 Mich. at 338, 41 N.W. 417. The court stated:

[G]reat care and consideration should be given to questions involving the proper service to be rendered by attorneys when they have acted in good faith, and with a fair degree of intelligence, in the discharge of their duties when employed under the usual implied contract. Under such circumstances, the errors which may be made by them must be very gross before the attorney can be held responsible. They should be such as to render wholly improbable a disagreement among good lawyers as to the character of the services required to be performed, as to the manner of their performance under all the circumstances in the given case, before such responsibility attaches.

*Id.*

■ After a careful review of the evidence presented, the relevant statutes and case law, the Court finds as a matter of law that defendants are entitled to summa-

---

**2.** Although Laymon was an Indiana resident, the accident occurred in Michigan. In addition, although State Farm was an Indiana corporation, it was subject to the provisions of the Michigan No–Fault Act as an insurer authorized to transact insurance in the state of Michigan. *See* M.C.L.A. § 500.3163(1).

ry judgment in their favor. There is insufficient evidence presented to maintain a claim for malpractice on the ground that defendants were negligent in the representation provided. Plaintiffs' primary argument that defendants were negligent in executing a general release with Michigan Mutual is unsupported by the evidence. Defendants have presented evidence that the decision to settle with Michigan Mutual was based on their interpretation of Michigan No–Fault law. The Michigan No–Fault statute and applicable case law on this issue support defendants' legal conclusion that Laymon was required to look to State Farm and not Michigan Mutual for payment of No–Fault benefits. *See* M.C.L.A. §§ 500.3114(1), (3), 3115(1); *Royal Globe Ins. v. Frankenmuth Ins.*, 419 Mich. 565, 566, 357 N.W.2d 652 (1984); *Lee v. D.A.I.I.E.*, 412 Mich. 505, 515, 315 N.W.2d 413 (1982). The cases and statutes cited by defendants do not support a contrary conclusion.

In any event, as long as defendants' strategic decision to settle with Michigan Mutual was supported by reasonable professional judgment, there was no negligence. In this case, counsel's decision was premised upon a reasonable interpretation of the law. The subsequent pronouncements of the Michigan courts support that interpretation. Even if defendants' assessment of the law had been erroneous, it was reasonable under the circumstances. The fact that the release failed to preserve future claims does not alter this conclusion. In light of the fact that at the time the settlement was entered, State Farm had agreed to provide payment of benefits, the Laymons' interests were adequately protected. The Court finds as a matter of law that defendants were not negligent in their representation of plaintiffs.

In addition, even if plaintiffs could establish that defendants were negligent in executing a general release with Michigan Mutual, plaintiffs would be unable to establish legal causation. In order to maintain their claim on that basis, plaintiffs would have to establish that litigation of their claim against Michigan Mutual for No–Fault benefits would have been successful. The subsequent pronouncements of the Mi-

chigan Supreme Court support defendants' position that there was no basis for maintaining a cause of action against Michigan Mutual under the Michigan No–Fault Act. *See infra.* Moreover, it is undisputed that at the time plaintiffs relieved defendants of their duty to provide representation, State Farm had assumed responsibility for payment of benefits. It was also agreed between Michigan Mutual and State Farm that the insurers would settle the priority issue among themselves. Such conduct is clearly contemplated, if not preferred, by the Michigan No–Fault Act. To the extent that plaintiffs have forfeited all rights to benefits, no reasonable jury could conclude that defendants' actions were a proximate cause of the injury sustained. The conduct of the second attorneys in settling the claims against State Farm was the true proximate cause of the loss incurred. At the time the defendants withdrew as counsel, plaintiffs' interests were adequately protected. Based on these facts, the Court finds as a matter of law that plaintiffs have failed to present sufficient evidence to support their claim for legal malpractice. Based on the facts and circumstances presented, no reasonable jury could conclude that defendants were negligent or that the alleged negligence was a proximate cause of any injury sustained. As a result, defendants motion for summary judgment is granted and the instant lawsuit dismissed.