LOWMAN v KARP

Docket No. 123754. Submitted April 2, 1991, at Detroit. Decided July
23, 1991, at 9:20 A.M.

Lisa C. Lowman brought an action in the Wayne Circuit Court
against Ronald Karp and Hurwitz & Karp, P.C., alleging legal
malpractice in an underlying action that was eventually set-
tled. The case was removed to the 34th District Court, Henry
Zaborowski, J., which granted summary disposition for the
defendants finding the plaintiff estopped because she had
agreed to the settlement. The Wayne Circuit Court, John H.
Gillis, Jr., J., affirmed. The plaintiff appealed by leave granted.

The Court of Appeals *held:*

A plaintiff in a legal malpractice case, having settled in the
underlying action, is not precluded as a matter of law from
maintaining a subsequent legal malpractice cause of action
against the attorney who represented the plaintiff in the under-
lying action. The plaintiff's settlement does not act as an
absolute bar to the subsequent legal malpractice action.

Reversed and remanded.

*L. Ray Bishop & Associates, P.C.* (by *Barry
Gates*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani*
and *Larry G. Mason*), for the defendants.

Before: DANHOF, C.J., and GRIFFIN and FITZGER-
ALD, JJ.

PER CURIAM. Plaintiff appeals by leave granted
from a circuit court order that affirmed a district
court order granting summary disposition to defen-
dants in this legal malpractice case. We reverse.

Plaintiff was injured in July of 1980 when she
was kicked in the head by a horse. The horse was
owned by Joseph Lutheran and was boarded by

Charles and Mary Riddle at the Circle R Ranch. In June 1983, plaintiff retained defendant Ronald Karp (hereafter defendant) to represent her in a suit against Lutheran and the Riddles. Shortly thereafter, defendant filed a complaint on plaintiff's behalf. However, the Riddles were never served with the complaint, and they were later dismissed from the case. Defendant filed a second complaint against the Riddles, but that action was dismissed because the period of limitation had expired. Lutheran later added the Riddles as third-party defendants.

In 1985, a mediation panel evaluated the case against Lutheran at $20,000. Plaintiff accepted the evaluation, although she claims that it was only at defendant's urging. Lutheran rejected the evaluation. In July of 1986, as the case progressed towards trial, plaintiff wrote a letter to defendant, which included the following:

> My settlement demand remains at $100,000 plus interest and if it cannot be settled I would just as soon proceed to a jury trial as soon as we possibly can. Once again, my damages and injuries are severe and will be permanent and I feel I should receive more than the previous sum of $20,000 that was suggested in the mediation hearing.

Plaintiff claims that defendant's response to her letter was to refuse to try the case. According to plaintiff, defendant informed her that if the case was not settled, plaintiff would have to pay defendant an hourly rate for the time that he spent on her case, pursuant to their contingency fee agreement.

On August 4, 1986, a settlement conference was held, during which plaintiff signed a settlement agreement in the amount of $20,000. The agreement released Lutheran and the Riddles from all

further liability. On the agreement, below her signature, plaintiff wrote, "Even though I feel this case is worth more I am accepting on the sole advise [sic] of my attorney." Plaintiff maintains that defendant intimidated and coerced her into signing the settlement agreement.

In April 1987, plaintiff commenced this legal malpractice suit against defendants. Following mediation and a final settlement conference in the circuit court, the case was removed to district court. Defendants then moved for summary disposition under MCR 2.116(C)(8), (10). In granting the motion, the district court focused on the fact that plaintiff had entered into a settlement agreement that purported to release the Riddles and Lutheran from liability. The court decided that because plaintiff had agreed to the settlement, she was estopped to complain of defendant's performance in the underlying action. The circuit court, noting that the district court had granted summary disposition on the basis of "the fact that Ms. Lowman had accepted the settlement," affirmed the district court decision.

Neither the district nor the circuit court indicated the subsection of MCR 2.116 under which they were granting summary disposition. But it appears that the courts simply decided, on the undisputed fact that plaintiff agreed to the settlement, that she had failed to state a claim on which relief could be granted. Therefore, we will consider the motion to have been granted under MCR 2.116(C)(8).

A motion for summary disposition under MCR 2.116(C)(8) tests only the legal sufficiency of the pleadings. The court must accept as true all well-pleaded factual allegations as well as any inferences which can reasonably be drawn from the facts. The motion should be granted only when the

claim is so clearly unenforceable as a matter of law that no factual development could possibly justify the right to recovery. *Pawlak v Redox Corp,* 182 Mich App 758, 763; 453 NW2d 304 (1990).

In an action for legal malpractice, the plaintiff must establish (1) the existence of an attorney-client relationship, (2) the acts which are alleged to have constituted negligence, (3) that the negligence was the proximate cause of the injury, and (4) the fact and extent of the injury alleged. *Adell v Sommers, Schwartz, Silver & Schwartz, PC,* 170 Mich App 196, 204; 428 NW2d 26 (1988); *Basic Food Industries, Inc v Grant,* 107 Mich App 685, 690; 310 NW2d 26 (1981).

In the instant case, plaintiff's allegations of negligence against defendant fell into two basic categories. First, plaintiff claimed that defendant was negligent in allowing the period of limitation to run against the Riddles. Second, plaintiff claimed that defendant failed to diligently prepare her case against Lutheran for trial, and that she was left with no other viable option but to accept the $20,000 settlement.

As noted above, the lower courts focused on the $20,000 settlement and determined that this precluded plaintiff from suing defendants for malpractice. Thus, the narrow legal question presented in this appeal is whether a plaintiff in a legal malpractice case, having settled with the defendants in the underlying action, is thereafter precluded as a matter of law from maintaining a subsequent legal malpractice cause of action against the attorney who represented her in the underlying action. We hold that such a plaintiff is not precluded from maintaining the suit, and we therefore reverse the decisions of the lower courts.

There are apparently no published decisions from this state addressing this particular issue.

However, other states have addressed the issue, and those decisions have been compiled and summarized in 2 Mallen & Smith, Legal Malpractice (3d ed), § 17.15, pp 58-59:

> The attorney may assert as a defense that the client settled with or released the third party involved in the underlying claim or cause of action which was injured by the attorney's negligence. Despite the attorney's negligence, there may have been sufficient value left in the underlying cause of action which the client can compromise. The issue then arises whether in the subsequent malpractice action the attorney can advantageously assert the compromise or release. The rule is that the attorney will be benefited, but only to the extent to which the client's damages are satisfied. In other words, the defense is not complete because it only affects the extent of damages. Usually, the attorney whose negligence is a proximate cause of the client's injury cannot complain that the client made a good faith compromise of the claim for less than full value rather than pursue the matter to judgment. Of course, unreasonable conduct may be asserted as contributory negligence, whether the client mitigated reasonably, or on the issue of whether the attorney was a proximate cause of the client's injury.
>
> *  *  *
>
> A release, compromise or accord and satisfaction with the third party does not exculpate the attorney. The attorney and tortfeasor do not act in concert. The causes of action are different. The attorney is liable for professional negligence, a wrong which was not present in the client's original cause of action or claim. Both the nature and measure of damages may be different. A recovery from the third party may be considered in mitigation where the payment involves substantially the same damages.

We agree that plaintiff's settlement of the un-

derlying action should not act as an absolute bar to a subsequent legal malpractice action. We are not persuaded by defendant's argument that such a rule would act to dissuade attorneys from settling cases. To the contrary, because any settlement in the underlying action would most likely be set off against the client's recovery in the subsequent malpractice lawsuit, settlement remains the prudent option for both attorney and client where the chances for recovery at trial have been diminished because of the negligence of the attorney. Further, adoption of the "absolute bar" rule could provide an incentive for unscrupulous attorneys to "settle at all costs" to preclude a subsequent malpractice suit.

Defendant argues that plaintiff should be estopped from suing defendant because she "knowingly and voluntarily" decided to settle the underlying suit, after having consulted with another attorney and an experienced insurance claims adjuster. Defendant points out that these other professionals apparently recommended that plaintiff insist on going to trial rather than settle for the $20,000 offer. Defendant argues that because plaintiff acted contrary to those recommendations, she should now be estopped from suing him.

Defendant's argument on this point, however, ignores an essential feature of plaintiff's malpractice action. Plaintiff claims that after she informed defendant that she did not want to settle, defendant flatly refused to try the case. The matter arose so close to the trial date that it would have been very difficult, if not impossible, for plaintiff to obtain another attorney. Thus, plaintiff was put in a position where settlement was her only reasonable choice despite her own reservations about the settlement and despite the advice of others. Plaintiff claims that it was defendant's lack of prepared-

ness, not his reservations about the strength of her suit, which compelled defendant to urge plaintiff to settle. Under these circumstances, as noted above, settlement may very well have been the most prudent choice. Defendant's reliance on *Bessman v Weiss,* 11 Mich App 528; 161 NW2d 599 (1968), lv den 382 Mich 764 (1969), cert den 396 US 1008 (1970), and other cases applying the estoppel principle to legal malpractice cases, is clearly misplaced.

Defendant also argues that we should affirm the decisions of the lower courts because there was no genuine issue of material fact concerning plaintiff's inability to prove that she was forced and coerced into accepting the settlement in the underlying action. In addition, defendant argues that summary disposition was properly granted because as a matter of law plaintiff could not have satisfied the "suit within a suit" requirement of this legal malpractice suit. However, neither of these issues was decided below, and our review is limited to issues actually decided by the trial court. *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269, 277; 418 NW2d 455 (1987).

Reversed and remanded.