### COLEMAN v GURWIN

Docket No. 132220. Submitted June 10, 1992, at Detroit. Decided July 7, 1992, at 9:05 A.M. Leave to appeal sought.

Carol D. Coleman brought a legal malpractice action against E. Donald Gurwin in the Wayne Circuit Court, alleging that, in declining to represent her in a wrongful discharge action she was considering against an employer in Wayne County, he had transmitted from his office in Oakland County to her residence in Washtenaw County incorrect advice concerning the statute of limitations for wrongful discharge, causing her to miss the deadline for filing that action. The defendant moved for a change of venue, arguing that venue was proper only in Washtenaw or Oakland Counties. The court, Robert J. Colombo, Jr., J., denied the motion. The defendant appealed by leave granted.

The Court of Appeals *held:*

In a legal malpractice action in which it is claimed that the attorney's conduct prevented the client from bringing an action for which the attorney was retained or consulted, the client must establish that, absent the act or omission asserted, the client would have prevailed on the claim. Because the client essentially must prevail in two distinct suits, the lost claim is part of the cause of action for legal malpractice, and venue properly lies where the cause of action for the lost claim arose, or where all or part of the cause of action for legal malpractice arose. In this case, venue is proper in any of the counties.

Affirmed.

VENUE — LEGAL MALPRACTICE ACTIONS.

Venue for a legal malpractice action, if it is based on an allegation that the attorney's conduct prevented the client from bringing an action for which the attorney was retained or consulted, properly lies where the cause of action for the lost claim arose, or where all or part of the cause of action for legal malpractice arose.

REFERENCES

Am Jur 2d, Venue §§ 15 *et seq.*

See the Index to Annotations under Venue.

*Blaske & Blaske, P.C.* (by *Thomas H. Blaske*), for the plaintiff.

*William E. Wade,* for the defendant.

Before: FITZGERALD, P.J., and CAVANAGH and NEFF, JJ.

PER CURIAM. In this legal malpractice case, defendant appeals by leave granted from an order of the Wayne Circuit Court denying his motion to change venue improperly laid. We affirm.

### FACTS

Plaintiff, who resides in Washtenaw County, was discharged from her employment with Detroit Public Schools in Wayne County. Plaintiff subsequently contacted defendant E. Donald Gurwin regarding a potential wrongful discharge action against the school system. Defendant had four meetings with plaintiff in his Oakland County office. By letter dated July 31, 1987, defendant informed plaintiff that he would not represent her because it was his opinion that there was no liability on the part of the school system. In declining the case, defendant allegedly gave incorrect advice to plaintiff regarding the applicable statute of limitations.[1]

On June 29, 1990, defendant filed a motion to change venue improperly laid, arguing that no part of the cause of action for legal malpractice arose in Wayne County. Defendant alleged that plaintiff's injuries arose in either Oakland County or Washtenaw County.

At a hearing on defendant's motion, plaintiff

---

[1] Plaintiff alleged that had she been properly advised regarding the correct statute of limitations she would have had an opportunity to seek alternative representation on her claim.

argued that a part of her legal malpractice action was to prove the underlying action, which occurred in Wayne County. The trial court agreed with plaintiff that her cause of action required adjudication of the underlying suit and denied the motion. Therefore, part of the cause of action arose in Wayne County, and venue was properly laid in Wayne County.

I

If venue is improperly laid, it must be changed upon a motion to do so. MCR 2.223(A)(1). An action for legal malpractice is a tort claim and its venue is controlled by MCL 600.1629; MSA 27A.1629. Under § 1629(1)(a), venue is proper where all or part of a cause of action arises, not merely at the situs of an injury.[2] *Lorencz v Ford Motor Co,* 439 Mich 370, 375; 483 NW2d 844 (1992). This Court reviews a trial court's decision regarding venue to determine whether the trial court clearly erred in ruling that venue was proper. *Marsh v Walter L Couse & Co,* 179 Mich App 204, 207; 445 NW2d 204 (1989).

II

In an action for legal malpractice, the plaintiff must establish (1) the existence of an attorney-client relationship, (2) the acts that are alleged to have constituted negligence, (3) that the negli-

---

[2] MCL 600.1629(1)(a); MSA 27A.1629(1)(a) provides:

(a) A county in which all or part of the cause of action arose and in which either of the following apply is a proper county in which to try the action:
(i) The defendant resides, has a place of business, or conducts business in that county.
(ii) The registered office of a defendant corporation is located in that county.

gence was a proximate cause of the injury, and (4) the fact and extent of the injury alleged.[3] *Lowman v Karp,* 190 Mich App 448, 451; 476 NW2d 428 (1991); *Basic Food Industries, Inc v Grant,* 107 Mich App 685, 690; 310 NW2d 26 (1981).

In cases such as this one, where an attorney's conduct prevents the client from bringing a contemplated action, we believe that an additional element is intertwined with the requirement of establishing proximate causation and damages. In *Basic Foods, supra,* this Court discussed the "suit within a suit" requirement:

> The factor which has occasioned most difficulty to clients attempting to charge attorneys with liability for negligence in connection with litigation has been the necessity of proving that the damages claimed resulted from the alleged misconduct. The recovery sought is usually the value of the claim in suit in the proceeding in which the negligent act occurred, if the client was a plaintiff in that action, or, if he was a defendant, the amount of the judgment imposed upon him, and, in accordance with general rules as to proximate cause, it is generally held that before such recovery can be had the client must establish that, absent the act or omission complained of, the claim lost would have been recovered or the judgment suffered avoided. Accordingly, the client seeking recovery from his attorney is faced with the difficult task of proving two cases within a

---

[3] *Basic Food Industries v Grant,* 107 Mich App 685; 310 NW2d 26 (1981), established the elements of a legal malpractice action. Under element three, *Basic Food* used the language "the proximate cause." This Court has consistently used such language in obiter dictum. See, e.g., *Lowman v Karp,* 190 Mich App 448, 451; 476 NW2d 428 (1991), *Stockler v Rose,* 174 Mich App 14, 25; 436 NW2d 70 (1989); *Adell v Sommers, Schwartz, Silver & Schwartz, PC,* 170 Mich App 196, 204; 428 NW2d 26 (1988). However, in *Ignotov v Reiter,* 425 Mich 391, 400, 402, n 1; 390 NW2d 614 (1986) (BOYLE, J., concurring and RILEY, J., dissenting), Justices BOYLE and RILEY opined that the proper language should be "a proximate cause" to conform with established law. *Kirby v Larson,* 400 Mich 585, 605; 256 NW2d 400 (1977). We agree that the proper language is "a proximate cause."

single proceeding. [107 Mich App 691, citing 45 ALR2d 5, § 2, p 10.]

In addition to proving negligence, plaintiff must show that but for her attorney's negligence she would have been successful in the original litigation; in effect, she must prevail in two distinct suits. This suit within a suit concept has vitality only in a limited number of situations, such as where an attorney's negligence prevents the client from bringing an action, where the attorney's failure to appear causes judgment to be entered against the client or where the attorney's negligence prevents an appeal from being perfected. In such cases, the underlying action constitutes at least a part of the cause of action for legal malpractice. Venue would therefore be proper in the county where the underlying action occurred, as well as in any jurisdiction where a part of the cause of action arose.[4] *Lorencz, supra,* p 375. The trial court did not err in denying defendant's motion to change venue.

Affirmed.

---

[4] Venue would also be proper in Oakland County, where the attorney-client relationship was conducted, and in Washtenaw County, where the erroneous advice was received.