# STATE OF MICHIGAN

# COURT OF APPEALS

DARCY ANN FRANTZ-HAGER,

        Plaintiff/Counter-Defendant-
        Appellant,

v

LAWRENCE W. NEWMEYER,

        Defendant/Counter-Plaintiff-
        Appellee.

UNPUBLISHED
March 17, 2016

No. 324873
Kalamazoo Circuit Court
LC No. 2013-000386-NZ

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Plaintiff, Darcy Ann Frantz-Hager, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) to defendant, Lawrence W. Newmeyer, on breach of contract and legal malpractice claims. We affirm.

## I. FACTUAL BACKGROUND

## A. THE PRIOR PROCEEDINGS

In 2006, Newmeyer represented Frantz-Hager in divorce and custody proceedings involving her former husband, James Hager. The trial court initially ordered Hager to pay child support of $1,850 a month and spousal support of $1,450 a month. In July 2007, Hager tried to reduce his support obligations and Newmeyer again represented Frantz-Hager. The trial court denied Hager's motion to terminate spousal support and reduce child support and ordered Hager to pay $3,800 of Frantz-Hager's attorney fees in January 2008.

Another attorney represented Frantz-Hager in collection matters against Hager in 2008. In August 2008, Hager filed for bankruptcy, and in September 2008, Newmeyer informed Frantz-Hager that he would no longer represent her unless he received $6,000 in payment for his past legal services and a retainer of $1,000. In October 2008, Newmeyer informed Frantz-Hager by letter that, because she had not hired him to represent her further, he assumed she was representing herself.

In September 2009, the trial court reduced Hager's child support and terminated his spousal support. It found that Hager's home-building business had declined, and he owed extensive amounts to the government and creditors.

In a hand-written contract dated December 9, 2009, Newmeyer agreed to "re-enter the case of Hager v Hager 046448DM, until the case is closed, with services to be billed at the rate of $110.00 per hour." Newmeyer proceeded to move the trial court to set aside its September 2009 decision, and he also represented Frantz-Hager defending against Hager's motion for physical custody. On April 11, 2011, Newmeyer sent Frantz-Hager a bill for services totaling $12,154. In August 2011, Newmeyer moved to withdraw as Frantz-Hager's counsel on the basis that she failed to pay him the amounts he was owed. The trial court granted Newmeyer's motion to withdraw.

In October 2011, Newmeyer filed a complaint against Frantz-Hager, seeking to collect an outstanding balance of $11,854 on theories of account stated and breach of contract. The trial court granted Newmeyer's motion for summary disposition, dismissed Frantz-Hager's counterclaims, and ordered Frantz-Hager to pay Newmeyer's outstanding legal fees. On December 16, 2012, Frantz-Hager appealed the trial court's decision.

A panel of this Court held that Frantz-Hager was liable to Newmeyer for the amounts owed as an account stated. *Newmeyer v Frantz-Hager*, unpublished opinion per curiam of the Court of Appeals, issued April 22, 2014 (Docket No. 313847), 2. Additionally, Frantz-Hager argued that the trial court abused its discretion by dismissing her legal malpractice counterclaim against Newmeyer. *Id.* at 3. This Court stated that, although the trial court's reasons for dismissing Frantz-Hager's counterclaim were unclear, Frantz-Hager failed to attend the motion hearing despite receiving notice and being directly told by court staff that her presence at the hearing was required. *Id.* On this basis, this Court held that the trial court's dismissal of Frantz-Hager's legal malpractice counterclaim was not an abuse of discretion. *Id.* However, because the trial court dismissed Frantz-Hager's legal malpractice counterclaim without prejudice, Frantz-Hager was "free to litigate the matter in a subsequent action, as though the dismissed action had not been commenced." *Id.* (quotation omitted).

B. THE PRESENT ACTION

Frantz-Hager filed her complaint in this action on August 19, 2013, alleging legal malpractice and breach of contract claims regarding Newmeyer's representation in the divorce proceedings. In September 2013, Newmeyer moved for summary disposition, asserting that Frantz-Hager was attempting to relitigate issues determined in the previous action.

In May 2014, the trial court dismissed Frantz-Hager's breach of contract claims on the basis of res judicata, and in November 2014, it dismissed Frantz-Hager's legal malpractice claims under MCR 2.116(C)(10). It reasoned that there was no evidence that Newmeyer represented Frantz-Hager from September 2008 to March 2010, and concluded that the affidavit from Robert Sayfie that Frantz-Hager offered as evidence of malpractice was too vague to provide proof of questions of material fact. Because Frantz-Hager did not provide evidence that different representation would have produced a more favorable outcome, the trial court granted summary disposition under MCR 2.116(C)(10). Frantz-Hager now appeals.

## II. RES JUDICATA

Frantz-Hager first contends that the trial court improperly dismissed her breach of contract claims under MCR 2.116(C)(7) because the claims were not litigated in a prior action. We disagree.

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of res judicata. *Adair v State*, 470 Mich 105, 119; 680 NW2d 386 (2004). The moving party may support its motion with affidavits, depositions, admissions, or other documentary evidence that would be admissible at trial. *Odom*, 482 Mich at 466; MCR 2.116(G)(5) and (6). We review de novo whether res judicata bars a subsequent suit. *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 379; 596 NW2d 153 (1999).

The doctrine of res judicata "prevents[s] multiple suits litigating the same cause of action." *Adair*, 470 Mich at 121. Res judicata bars actions where "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. If the trial court specifies in its order that a dismissal is without prejudice, the doctrine of res judicata does not apply. See MCR 2.504(B)(3); *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 419; 733 NW2d 755 (2007).

In this case, Frantz-Hager argues that the trial court dismissed the breach of contract claim in her prior action without prejudice. Frantz-Hager is simply mistaken—the record from the trial court and prior appeal reflects that the trial court dismissed Frantz-Hager's legal malpractice claims without prejudice, but dismissed her breach of contract claims on the basis that there was an account stated between Frantz-Hager and Newmeyer. The prior contract action concerned the December 9, 2009 contract, which Frantz-Hager alleges Newmeyer breached in the present action. Accordingly, the prior breach of contract action litigated the contractual issues on their merits. We conclude that the trial court properly granted summary disposition under MCR 2.116(C)(7) on the contract claims in this case because res judicata barred them.

## III. LEGAL MALPRACTICE

Frantz-Hager gives various reasons why the trial court improperly granted summary disposition on her malpractice claims under MCR 2.116(C)(10).

A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Id*. at 116.

To survive a motion for summary disposition, once the nonmoving party has identified issues in which there are no disputed issues of material fact, the burden is on the plaintiff to show

that disputed issues exist. MCR 2.116(G)(4); *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The nonmoving party "must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id*. There must be admissible evidence of a disputed issue of material fact. *Veentra v Washtenaw Country Club*, 466 Mich 155, 163; 645 NW2d 643 (2002). If the nonmoving party does not make such a showing, the trial court properly grants summary disposition. *Quinto*, 451 Mich at 363. Summary disposition is proper before the close of discovery if "there is no reasonable chance that further discovery will result in factual support for the nonmoving party." *Mable Cleary Trust v Edward-Marlah Muzyl Trust*, 262 Mich App 485, 506-507; 686 NW2d 770 (2004), overruled in part on other grounds by *Titan Ins Co v Hyten*, 491 Mich 547, 555 n 4 (2012) (quotation marks and citation omitted).

Legal malpractice is a form of negligence. See *Basic Food Indus, Inc v Grant*, 107 Mich App 685, 690; 310 NW2d 26 (1981). In an action for legal malpractice, the plaintiff has the burden to prove

(1) the existence of an attorney-client relationship;

(2) negligence in the legal representation of the plaintiff;

(3) that the negligence was a proximate cause of an injury; and

(4) the fact and extent of the injury alleged. [*Coleman v Gurwin*, 443 Mich 59, 63; 503 NW2d 435 (1993) (internal footnotes omitted).]

First, Frantz-Hager contends that the trial court improperly determined that Newmeyer was not her attorney from September 2008 to December 2009. We disagree.

An attorney-client relationship exists when the client retains an attorney, and "representation continues until the attorney is relieved of the obligation by the client or the court." *Wright v Rinaldo*, 279 Mich App 526, 534; 761 NW2d 114 (2008) (quotation marks and citation omitted). In this case, in late 2008, Newmeyer informed Frantz-Hager that he would no longer represent her unless he received payment for his services. Frantz-Hager's divorce was final, and she was represented by other counsel at that time. Newmeyer subsequently indicated that he would no longer represent her. Frantz-Hager presented no evidence that Newmeyer represented her in any way until the parties reached an agreement on December 9, 2009. In arguing that the existence of an attorney-client relationship is generally a question of fact for the jury, Frantz-Hager misapprehends the role of summary disposition under MCR 2.116(C)(10) in determining the existence of *genuine* issues of material fact. It was Frantz-Hager's burden to present evidence that a factual dispute existed in this specific case. See *Quinto*, 451 Mich at 363. Because Frantz-Hager did not do so, we conclude that the trial court did not err when it determined that there was no genuine issue of material fact regarding whether Newmeyer represented her from October 2008 to December 2009, and Newmeyer is not liable for failing to represent her during that time period.

Second, Frantz-Hager contends that the trial court improperly granted summary disposition on a litany of claims in which Frantz-Hager details ways in which Newmeyer was negligent. We disagree.

To show negligence in representation, the plaintiff in a legal malpractice action must show that the attorney acted with less than ordinary learning, judgment, or skill as a competent attorney would under the same or similar circumstances. *Simko v Blake*, 448 Mich 648, 656; 532 NW2d 842 (1995). Expert testimony is required in a legal malpractice action unless the defendant's lack of professional care was so clear that it would be obvious to a person of common knowledge and experience. *Law Offices of Lawrence J Stockler, PC v Rose*, 174 Mich App 14, 48; 436 NW2d 70 (1989). A plaintiff must also show that "but for the attorney's alleged malpractice, he [or she] would have been successful in the underlying suit." *Coleman*, 443 Mich at 63.

In this case, Frantz-Hager claims that Newmeyer failed to exercise ordinary care by failing to timely pursue collections, failing to follow through with discovery, failing to reasonably communicate with Frantz-Hager, causing Frantz-Hager emotional distress, and defrauding the court. Frantz-Hager offered Sayfie's affidavit as evidence that Newmeyer breached the standard of care. However, as the trial court noted, the affidavit was not sufficient to show issues of material fact on the elements of legal malpractice. While Sayfie was generally critical of Newmeyer's methods, he did not specify an act that breached the standard of care. Additionally, Sayfie's affidavit did not indicate how Frantz-Hager would have been successful had Newmeyer acted with ordinary judgment and ability. Frantz-Hager failed to provide evidence of a factual dispute regarding two elements of legal malpractice—breach and proximate cause. We conclude that the trial court properly granted summary disposition on these issues.

Frantz-Hager also claims that Newmeyer acted unprofessionally by making sexual advances toward her. While conduct of this nature is clearly unprofessional, it does not affect our decision in this case. Frantz-Hager also failed to provide any evidence that misconduct actually took place. The nonmoving party may not rely on mere allegations, but must set forward specific evidence regarding issues of disputed fact. *Quinto*, 451 Mich at 363. We conclude that the trial court properly granted summary disposition on this claim as well.

In sum, the trial court properly granted summary disposition on Frantz-Hager's legal malpractice claims under MCR 2.116(C)(10) because Frantz-Hager failed to meet her burden to provide facts to support the existence of genuine factual disputes regarding the elements of legal malpractice.

We affirm. As the prevailing party, Newmeyer may tax costs. MCR 7.219(A).

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray