DERHAM *v.* DERHAM.

1. SLANDER—WORDS IMPUTING WANT OF CHASTITY—STATEMENTS ACTIONABLE PER SE.

    A statement that plaintiff's grandfather (her mother's father) was a woman's man, and that plaintiff was just like him, that her mother was like the grandfather, and that plaintiff was no better, is actionable *per se*, as charging plaintiff with consorting with men for immoral purposes.

2. SAME—QUESTION FOR JURY.

    Where defendant stated that, if plaintiff had been a decent woman, he would have put her and her husband on his farm, but that she was not decent and respectable, the question whether the words imputed to plaintiff a want of chastity was for the jury.

3. SAME—DAMAGES—INSTRUCTIONS.

    Under Act No. 216, Pub. Acts 1895, providing that in actions for slander plaintiff can recover only actual damages in respect to his property, business, or feelings, it was not error

for the court, where there was no proof of damage to business or property, to modify an instruction that any amount awarded plaintiff for injury to her feelings should be specified separately from that given for damage to her "good name, fame, reputation, character, respectability, decency, and the like," by informing the jury that the damages awarded must be limited to those suffered in respect to the feelings.

Error to Shiawassee; Smith, J. Submitted January 9, 1900. Decided March 27, 1900.

Case by May Rosa Ada Derham against William Derham for slander. From a judgment for defendant, plaintiff brings error. Reversed.

*John T. McCurdy* (*Edwin H. Lyon*, of counsel), for appellant.

*A. L. Chandler*, for appellee.

LONG, J. The plaintiff is the daughter-in-law of defendant, and at the time of the commencement of this action lived with her husband on a farm owned by defendant. The action is trespass on the case for slander. The first count of the declaration alleges that on March 27, 1897, at the city of Corunna, Shiawassee county, the defendant spoke and published, in the presence of others, the following defamatory words of and concerning plaintiff, to wit:

"I knew her grandfather Link. He was a woman's man, and Rose is just like him. Her mother, Henrietta Parkhurst, is like her father, and Rose is no better."

The same words are charged in the same count as follows: " Afterwards, to wit, on the same day, and at the same time and place," defendant spoke the following words of and concerning plaintiff:

"I (defendant meaning) knew her (plaintiff meaning) grandfather Link (meaning John Link, grandfather of plaintiff on her mother's side). He (meaning John Link, plaintiff's grandfather aforesaid) was a woman's man

(thereby meaning that John Link, plaintiff's grandfather on her mother's side, was in the habit of consorting with women of immoral habits and bad repute, and of having sexual and illicit carnal intercourse with said women), and Rose (plaintiff meaning) is just like him (meaning said plaintiff's grandfather, John Link, and intending to charge said plaintiff with being a woman of unchaste and immoral character, and of having sexual and carnal intercourse with different and divers men other than her husband)."

The same count of the declaration charges the defendant with speaking and publishing the following:

"Her mother (meaning Henrietta Parkhurst, mother of plaintiff herein) is like her father (meaning John Link, father of plaintiff's mother, said Henrietta Parkhurst, and grandfather of plaintiff, and intending to charge that said Henrietta Parkhurst was a woman of loose and immoral character, and guilty of having sexual and carnal intercourse with different and divers men), and Rose (plaintiff meaning) is no better (thereby meaning and intending to charge that said plaintiff herein was a woman of loose habits and immoral character, and was guilty of having sexual and carnal intercourse with different and divers men other than her husband)."

Another count of the declaration charged that on April 8, 1898, at Venice, in said county, the defendant, in the presence of one Ralph Wrigglesworth, used the following defamatory words of and concerning plaintiff:

"If Rose (plaintiff meaning) had been a decent and respectable woman (thereby meaning and intending to charge that plaintiff was a woman of loose character and immoral habits, and unchaste), I (defendant meaning) had intended putting them (meaning plaintiff and her husband, John H. Derham, son of William Derham, defendant herein) on the last 80 acres that I (defendant meaning) have purchased (meaning the 80 acres of land which defendant had just bought from Mr. Bingham), and build a house, and put up a barn, and set them (meaning plaintiff and her said husband) up in great shape; but she (plaintiff meaning) is not decent and respectable (thereby imputing to said plaintiff a want of chastity, and charging her with having sexual intercourse with different and

divers men other than her husband), and that is why I (defendant meaning) did not do it."

These words are charged in the same count without innuendo.

The cause was tried before a jury. On the trial plaintiff offered proofs under the first count of the declaration. The court ruled that, for want of an inducement, the count did not state a cause of action, and that the language complained of was not actionable *per se*, and refused to receive any testimony thereunder.

The court was in error in this. Inducement is not, in every case, essential to the sufficiency of a statement of a cause of action, but in those cases only where, without the facts contained in the inducement, the publication would not naturally and *per se* refer to the plaintiff, nor convey the meaning the plaintiff contends for, nor be construed as actionable. We think this language actionable *per se*. To charge that plaintiff's grandfather was "a woman's man," taken in connection with the rest of the language, meant that he consorted with women of bad repute for immoral purposes; and to charge that the plaintiff was "just like him, and that Henrietta Parkhurst, her mother, was like her father, and Rose is no better," meant that she consorted with men of bad repute for immoral purposes. The court should have admitted the testimony under this count.

The court admitted the testimony under the second count, but instructed the jury that the words were not actionable *per se*, and did not impute to the plaintiff any want of chastity. In this, we think, the court was in error. The words were charged with the proper innuendo, and whether, considering all the circumstances under which they were spoken, the defendant intended to charge the plaintiff with want of chastity, was a question of fact for the consideration of the jury. *Loranger* v. *Loranger*, 115 Mich. 681 (74 N. W. 228).

The court charged the jury that, if they found for the plaintiff, the damages must be stated separately;

"That which you may give her for injury to her feelings must be in one sum,    \*   \*   \*    and, if you give any further damages to her good name, fame, reputation, character, respectability, decency, and the like, you should mention that in another sum separate."

The court afterwards recalled the jury, and stated to them that he was in error in that part of the charge; that they could —

"Award such damages as she may have suffered in respect to her feelings; the one item of damages, and that only,—damages in respect to her feelings."

There were no proofs given on the trial that the plaintiff had sustained any damages to her property, business, trade, profession, or occupation. The only allegation of damages is that,—

"By reason of the speaking, publishing, and uttering of said false, scandalous, malicious, and defamatory words, said plaintiff is separated from her said husband, her home is broken up and destroyed, and she has been and is greatly injured in her good name, credit, and reputation, and brought into public scandal and disgrace, and has been and is shunned and avoided by her neighbors," etc.

Act No. 216, Pub. Acts 1895, § 1, provides: "In suits brought for the recovery of damages for libel or slander in this State, the plaintiff shall be entitled to recover only such actual damages as he may have suffered in respect to his property, business, trade, profession, occupation, or feelings." We therefore think that the court was not in error on the question of damages in giving this modified charge.

For the errors pointed out, the judgment must be reversed, and a new trial awarded.

The other Justices concurred.