ANDREWS v. BOOTH.

1. LIBEL AND SLANDER — DAMAGES — REPUTATION — STATUTORY
PROVISIONS.
   The damages recoverable in an action for libel extend to injury
   to reputation notwithstanding section 10423, 3 Comp. Laws,
   specifically enumerating the elements of damage in such
   cases, omits reputation.

2. COURTS—DECISIONS—STARE DECISIS.
   Decisions are not binding authorities, as precedents, upon
   propositions which should have been, but were not, con-
   sidered.

Error to Emmet; Shepherd, J. Submitted October 17,
1906. (Docket No. 93.) Decided May 18, 1907.

Case by John P. Andrews against Oliver T. Booth for
libel. There was judgment for plaintiff for a part of the
verdict only, and he brings error. Reversed, and re-
manded.

*Pailthorp & Hackney*, for appellant.

*Halstead & Halstead* (*Will A. Norton*, of counsel),
for appellee.

CARPENTER, J. Defendant published a libel charging
that plaintiff burned or caused to be burned his buildings
for the purpose of securing the insurance upon them, and
for the purpose of defrauding the company insuring them.
Plaintiff brought this action to recover damages. The
issue was submitted to a jury, who found a verdict for
plaintiff and assessed his damages as follows: $150 for
damages to feelings; $626 for damages to reputation.
The trial court decided that the law did not entitle plain-
tiff to damages for injury to reputation, and directed
judgment to be entered only for the $150, which the jury
had found as damages to plaintiff's feelings.

Plaintiff insists that this decision was erroneous, and asks us to reverse said judgment. The question for our determination is this, viz.: Does the law entitle plaintiff to damages for a reputation injured by the publication of a libel? This depends upon the proper construction of section 1, Act No. 216, Pub. Acts 1895 (3 Comp. Laws, § 10423). That section reads:

"That in suits brought for the recovery of damages for libel or slander in this State, the plaintiff shall be entitled to recover only such actual damages as he may have suffered in respect to his property, business, trade, profession, occupation or feelings."

In *McGee* v. *Baumgartner*, 121 Mich. 287, we held that this statute did not prohibit recovery of damages for injury to reputation, saying that, if it did, "the act in this respect is clearly unconstitutional." And upon this reasoning a judgment awarding damages for a reputation injured by the publication of a libel was affirmed. If this decision is authoritative, it controls this case, and compels us to say that plaintiff was entitled to a judgment for the full amount of the jury's verdict. It is urged, however, that the authority of *McGee* v. *Baumgartner* is destroyed by the decisions of *Derham* v. *Derham*, 123 Mich. 451, and *Line* v. *Spies*, 139 Mich. 484. *Line* v. *Spies* has no application. There in a slander suit the trial court permitted the jury to give damages for injury to the plaintiff's reputation and profession. This court held this action erroneous, because there was no evidence of injury to plaintiff's profession. In *Derham* v. *Derham* the trial court, in charging the jury, limited the damages to a plaintiff injured by the publication of a libel to what "she may have suffered in respect to her feelings;" and this court held that such limitation was correct. The effect of this ruling was to prevent the recovery of damages for injury to plaintiff's reputation, but this point was not called to the attention of the court by the briefs of counsel; neither did it receive any consideration in the opinion of the court, nor was the case of *McGee* v. *Baumgartner*

referred to, either in the opinion of the court or in the briefs of counsel.

The utmost that defendant can claim for *Derham* v. *Derham* is this: That, if this court had there considered and affirmed the proposition decided in *McGee* v. *Baumgartner*, it would have reached a different conclusion:

"That proposition was not, however, considered. It was not even presented, and decisions are not binding authorities, as precedents, upon propositions which should have been, but which were not, considered. *Atwood* v. *Mayor, etc., of Sault Ste. Marie*, 141 Mich. 295." *Moinet* v. *Burnham, Stoepel & Co.*, 143 Mich. 489.

The authority of *McGee* v. *Baumgartner* is not therefore destroyed by the decision of *Derham* v. *Derham*. We conclude, therefore, that *McGee* v. *Baumgartner* is an authoritative exposition of the law of this State; that section 10423, 3 Comp. Laws, construed, as it should be, in harmony with the Constitution, entitles plaintiff to damages for injury to his reputation.

The judgment should be reversed and the record remanded, with directions to the trial judge to enter a judgment for the full amount of the damages assessed by the jury, unless for some reasons not disclosed by this record he determines that a new trial should be awarded.

McALVAY, C. J., and GRANT, BLAIR, MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.