# STATE OF MICHIGAN

# COURT OF APPEALS

ARTHUR BIENZ and GAIL BIENZ,

Petitioners-Appellants,

v

TOWNSHIP OF CLARENCE,

Respondent-Appellee.

UNPUBLISHED
October 12, 2017

No. 333530
Tax Tribunal
LC No. 15-005786

Before: TALBOT, C.J., and O'CONNELL and O'BRIEN, JJ.

PER CURIAM.

Petitioners appeal as of right an order and judgment from the Michigan Tax Tribunal (MTT) declining to reduce the taxable value of petitioners' property for tax year 2015. We affirm.

Petitioners bought the property in question in 2014 for $56,001. In 2015, the property's value was assessed at $30,300 with a taxable value of $24,310.[1] Petitioners disagreed with these values and petitioned the Board of Review, stating that the "Owner's Estimated True Cash Value" was $56,000 and that the taxable value was over-assessed. The March Review Board agreed with petitioners that the property was assessed too high, and changed the assessed value from $30,300 to $28,000, reflecting petitioners' asserted true cash value.[2] But the board found that the taxable value was fairly assessed and left it unchanged.

Petitioners appealed this decision to the MTT. In their application for appeal, petitioners indicated that they were appealing the Board's assessment of their property's "Taxable Value

---

[1] Generally, "before ownership of property is transferred, its taxable value may increase no more than the lesser of the rate of inflation or five percent." *Lyle Schmidt Farms, LLC v Mendon Twp*, 315 Mich App 824, 831; 891 NW2d 43 (2016). Once ownership of the property is transferred, its taxable value is "uncapped," see *id.*, and its taxable value the year following the transfer is equal to the property's assessed value, MCL 211.27a(3). Here, however, petitioners' property's taxable value was not uncapped when they bought the property in 2014 because the transfer qualified under the agricultural exception to MCL 221.27a(3). See MCL 211.27a(7)(o).

[2] Pursuant to MCL 221.27a(1), "property shall be assessed at 50% of its true cash value . . . ."

-1-

Only."[3]  Petitioners agreed with the Board's assessment of the true cash value at $56,000, but they disagreed that the property's taxable value was fairly assessed at $24,310 and contended that the proper taxable value for 2015 was $15,590.  According to petitioners, the property was part of a larger parcel of land that was split in 2002, and after the property was sold in 2003 for $56,000, its taxable value was wrongly assessed at $25,580.  Petitioners contended that the property should have been assessed at $11,818 because it had a true cash value of $23,636, see MCL 221.27a(1), based on the "applicable land value table."  Petitioners concluded that the proper taxable value for the property in 2003 was $11,818.  See MCL 211.27a(3) (stating that, upon a transfer of ownership, the taxable value is equivalent to the assessed value).  According to petitioners, the applicable increases[4] to the taxable value from 2004 to 2015 yielded a resulting taxable value in 2015 of $15,590, which is what they should have been assessed.

In a proposed opinion and judgment, the MTT indicated that it did not believe a change to the taxable value was proper.  It began by noting that it did not have jurisdiction over past years, and its jurisdiction was limited to the 2015 tax year.  However, the MTT recognized that it could reduce the current taxable value of petitioner's property if the taxable value from past years was based on an unconstitutional increase.  The MTT then addressed evidence that petitioners submitted about the taxable value of other properties near theirs, but it found that the comparisons were "not reliable evidence of the subject property's taxable value because when a piece of property is sold or a title is transferred, the property's taxable value becomes equal to the amount of its assessed value," and "[t]herefore, the taxable values of neighboring properties will vary depending on the number of transfers of ownership."  For unknown reasons, the MTT then focused on the 2014, rather than the 2003, transfer of petitioners' property and found that the sale was an arms-length transaction that supported the current true cash value and taxable value.

Petitioners filed exceptions to the proposed judgment in which they pointed to several flaws in the MTT's proposed opinion, and then concluded as follows:

> In conclusion, in 2002, the parent parcel of the subject property was split, creating the subject parcel.  It is predominantly farmland.  In 2003, the value distribution to this new parcel was incorrectly entered as assessed at over $25,000.  Using the applicable land table standards, the calculation of taxable value should have only been $11,818 in 2003.  Under Proposal A, the growth of the property's taxable value is limited—or "capped"—with annual increases of not more than the lesser of five percent (5%) or the Consumer Price Index (CPI), which is set by the

---

[3] Petitioners also indicated that they were contesting the property's "Classification," but later clarified that they were not actually contesting the property's classification.  Rather, petitioners contended that they simply "identified prior erroneous property classifications within their body of evidence . . . for demonstrative purposes only."

[4] As applicable to this case, MCL 211.27a(2)(a) provides that a property's taxable value for the current year is "[t]he property's taxable value in the immediately preceding year minus any losses, multiplied by the lesser of 1.05 or the inflation rate, plus all additions."

Michigan State Tax Commission. In this case, the 2015 taxable value, therefore[,] should have been $15,590.

In a final judgment and order, the MTT recognized that the proposed judgment had erred with respect to how it framed some of petitioners' arguments, but the MTT nevertheless found that petitioners failed to demonstrate that the property was improperly valued. Specifically, the MTT found that petitioners had "failed to demonstrate that the land value assessed in 2003 was improper," and that petitioners' reliance on land value tables was misplaced because "[t]he mere fact that other properties have lower taxable values[] does not indicate that the subject's taxable value should be reduced." The MTT then adopted the proposed opinion as its final judgment and found that the property's true cash value for 2015 was $56,000 and its taxable value was $24,310.

On appeal, petitioners' brief is rather confusing and unclear. Petitioners appear to be contending that the 2015 taxable value was improper because the true cash value for that year was improperly calculated. For instance, petitioners state, "In the case at bar, the MTT gravitated to the sales price of the property in 2014 ($56,001.00) . . . and simply accepted respondent's assessment without discussing why the assessment reflected the true value[.]" More explicitly, petitioners state that the property's true cash value in 2014 "is disputed to the extent it impacts the taxable value." However, if this is indeed what petitioners are arguing, the issue was never before the MTT. In their petition to the MTT, petitioners' clearly indicated that they were only contesting their property's taxable value, though they could have checked a different box to indicate that they were contesting both the true cash value and taxable value. As such, we need not review the issue because "[i]ssues raised for the first time on appeal are not ordinarily subject to review." *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993). Moreover, in their original petition, petitioners asserted that the true cash value was $56,000, and the March Board of Review agreed with petitioners and lowered the property's assessed value accordingly. When petitioners appealed that decision to the MTT, they agreed with the Board's conclusion that the property's true cash value was $56,000. A party may not harbor error as an appellate parachute by assenting to action in the lower proceeding and raising the issue as an error on appeal. *Bates Assoc, LLC v. 132 Assoc, LLC*, 290 Mich App 52, 64; 799 NW2d 177 (2010). Accordingly, petitioners' challenge to the 2015 true cash value assessment does not entitle them to relief.

If, however, petitioners are intending to challenge the taxable value based on an improper true cash value *from 2003*, we note that their brief was equivocal and we were only able to glean this argument after a careful review of this case's procedural posture. Given petitioners' failure to adequately brief this argument, we could deem the issue abandoned. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) ("It is axiomatic that where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court."). However, even addressing the merits, petitioners' argument is without merit.

This Court's review of a decision by the [MTT] is limited." *Trinity Health-Warde Lab, LLC v Charter Twp of Pittsfield*, 317 Mich App 629, 632; 895 NW2d 226 (2016). "If the facts are not disputed and fraud is not alleged, our review is limited to whether the [MTT] made an error of law or adopted a wrong principle." *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527-528; 817 NW2d 548 (2012). "The [MTT's] factual findings are final if they are supported

by competent, material, and substantial evidence on the whole record." *Id*. at 527. "Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence required in most civil cases." *Brunt Assoc, Inc v Dep't of Treasury (On Reconsideration)*, 318 Mich App 449, 457; 898 NW2d 256 (2017) (citation and quotation marks omitted).

Here, petitioners argue that the taxable value from 2003 was inaccurate because the property's true cash value that year was improperly assessed.[5] MCL 211.27a provides in relevant part as follows:

> (1) Except as otherwise provided in this section, property shall be assessed at 50% of its true cash value under section 3 of article IX of the state constitution of 1963.

> \* \* \*

> (3) Upon a transfer of ownership of property after 1994, the property's taxable value for the calendar year following the year of the transfer is the property's state equalized valuation for the calendar year following the transfer.

"True cash value is synonymous with fair market value." *WPW Acquisition Co v City of Troy*, 250 Mich App 287, 298; 646 NW2d 487 (2002). "Therefore, the assessment must reflect the probable price that a willing buyer and a willing seller would arrive at through arm's length negotiation." *Huron Ridge LP v Ypsilanti Twp*, 275 Mich App 23, 28; 737 NW2d 187 (2007). "The petitioner has the burden of proof in establishing the true cash value of the property." MCL 205.737(3). "But even if the petitioner fails to show that the assessment was too high, the Tribunal has the duty to determine the property's true cash value using the approach that most accurately reflects the value of the property." *Pontiac Country Club v Waterford Twp*, 299 Mich App 427, 435; 830 NW2d 785 (2013).

In this case, evidence was presented that the property sold in an arms-length transaction in 2001 for $50,000. Two years later, in 2003, the property sold again, this time for $56,000. There is no evidence that the 2003 sale fell under an exception to the transfer-of-ownership requirement in MCL 211.27a(3). See MCL 211.27a(7). Therefore, upon the 2003 transfer, it appears that the property's taxable value should have been calculated as the property's assessed value, or 50% of the property's true cash value. MCL 211.27a(1). The taxable value was calculated at $25,580 for 2003, which does not appear improper based on the two arms-length transactions in the three years prior. See *Huron Ridge*, 275 Mich App at 28; MCL 211.27a(1) and (3). Petitioners argue that the true cash value in 2003 should have been $23,636, and the corresponding taxable value $11,818, based on "land value table[s]." However, they do not cite

---

[5] In *Mich Props*, 491 Mich at 545-546, our Supreme Court held that the MTT has "the authority to reduce an unconstitutional previous increase in taxable value for purposes of adjusting a taxable value that was timely challenged in a subsequent year." For purposes of this appeal, we assume that the issue was properly before the MTT.

any authority for the proposition that a property's true cash value and corresponding taxable value should be calculated based on land tables as opposed to the market price at which the property actually sold. Accordingly, because the MTT's finding that the 2003 assessed value was proper is "supported by competent, material, and substantial evidence on the whole record," *Mich Props*, 491 Mich at 527, and petitioners have failed to establish that a different true cash value would have been proper, MCL 205.737(3), the MTT's refusal to decrease petitioners' taxable value based on a previously inaccurate taxable value was not error.

Affirmed.

/s/ Michael J. Talbot
/s/ Peter D. O'Connell
/s/ Colleen A. O'Brien